# 22-1745

IN THE

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

◆◆

TYRONE HOLMES,

*Plaintiff-Appellant,*

—against—

APPLE INC., AMAZON.COM, LLC,
CHECKPOINT FLUIDIC SYSTEMS INTERNATIONAL, LTD.,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## FINAL FORM BRIEF FOR
## DEFENDANT-APPELLEE AMAZON.COM, LLC

MICHAEL JOHN GOETTIG
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas,
  21st Floor
New York, New York 10020
(212) 489-8230

*Attorneys for Defendant-Appellee
  Amazon.com, LLC*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure 26.1, defendant-appellee Amazon.com, Inc. certifies that: (1) Amazon.com, LLC is no longer an operative legal entity but was a wholly-owned subsidiary of Amazon.com, Inc., (2) Amazon.com, Inc. is a publicly traded company, and (2) no publicly held corporation owns 10 percent or more of Amazon.com, Inc.'s stock.

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

CORPORATE DISCLOSURE STATEMENT ...................................................... i

COUNTERSTATEMENT OF ISSUES FOR REVIEW ............................................1

COUNTERSTATEMENT OF THE CASE................................................................1

    A.    Factual Background................................................................2

    B.    Procedural Background ...........................................................4

SUMMARY OF ARGUMENT .................................................................................6

ARGUMENT .............................................................................................................7

    I.    STANDARD OF REVIEW .................................................................7

    II.    THE DISTRICT COURT DID NOT ABUSE ITS
           DISCRETION IN DENYING THE MOTION TO VACATE ............8

           A.    The District Court's Reliance On This Court's *De Novo*
                 Review of Judge Ramos's Rulings Renders Any Potential
                 Error Harmless ...........................................................8

           B.    Judge Abrams Was Not Required To Review Judge
                 Ramos's Decisions *De Novo* In Deciding The Motion To
                 Vacate.......................................................................10

    III.    THE DISTRICT COURT PROPERLY REJECTED
            HOLMES'S "FRAUD ON THE COURT" ARGUMENT................12

CONCLUSION ........................................................................................................14

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*ACE Investors, LLC v. Rubin,*
  561 Fed. App'x 114 (2d Cir. 2014) ................................................................12

*Armatas v. Maroulleti,*
  690 Fed. App'x 731 (2d Cir. 2017) ...................................................................7

*Branum v. Clark,*
  927 F.2d 698 (2d Cir. 1991) .............................................................................7

*Camacho v. Autoridad de Telefonos de Puerto Rico,*
  868 F.2d 482 (1st Cir. 1989)..............................................................................8

*Cap Export, LLC v. Zinus, Inc.,*
  996 F.3d 1332 (Fed. Cir. 2021) ..................................................................13, 14

*ExxonMobil Oil Corp. v. TIG Insurance Company,*
  44 F.4th 163 (2d Cir. 2022) ............................................................................11

*ExxonMobil Oil Corp. v. TIG Insurance Company,*
  No. 16 Civ. 9527, 2021 WL 4803700 (S.D.N.Y. Oct. 14, 2021)................10, 11

*Faulkner v. National Geographic Enters., Inc.,*
  409 F.3d 26 (2d. Cir. 2005) ...............................................................................9

*Fleming v. New York Univ.,*
  865 F.2d 478 (2d Cir. 1989) ...........................................................................13

*Holmes v. Apple, Inc., et al.,*
  Case No. 17-cv-4557 (S.D.N.Y. 2018).......................................................*passim*

*Holmes v. Apple, Inc., et al.,*
  Case No. 18-2492-cv (2d Cir. 2019) .................................................................1

*Holmes v. City of New York, et al.,*
  Case No. 19-cv-1628 (S.D.N.Y. 2020)..........................................................1, 5

*King v. First Am. Investigations, Inc.,*
  287 F.3d 91 (2d Cir. 2002) .............................................................................13

*Liljeberg v. Health Acquisition Corp.*,
486 U.S. 847 (1988) ................................................................ 7

*Marcus as Trustee of Grace Preferred Litig. v. Smith*,
755 F. App'x 47 (2d Cir. 2018) ............................................... 9

*McDaniel v. Cty. of Schenectady*,
595 F.3d 411 (2d Cir. 2010) .................................................... 7

*Paddington Partners v. Bouchard*,
34 F.3d 1132 (2d Cir. 1994) .................................................... 9

*Ren Yuan Deng v. New York State Office of Mental Health*,
783 F. App'x 72 (2d Cir. 2019) ............................................... 7

*Ruotolo v. City of New York*,
514 F.3d 184 (2d Cir. 2008) .................................................... 7

**Federal Statutes**

28 U.S.C. § 455 ............................................................................ 7

**Rules**

Federal Rules of Civil Procedure
30(c)(2)(B) ............................................................................ 1
60 ............................................................................ *passim*

iv

## COUNTERSTATEMENT OF ISSUES FOR REVIEW

1.     Did the District Court abuse its discretion by denying the motion of Plaintiff-Appellant Tyrone Holmes to vacate the Court's prior judgment under Rule 60(b) of the Federal Rules of Civil Procedure?

2.     Is there any basis upon which to conclude that Defendant-Appellee Amazon.com, LLC committed a fraud upon the court?

## COUNTERSTATEMENT OF THE CASE

On this appeal, Plaintiff-Appellant Tyrone Holmes ("Holmes") asks the Court to review the Honorable Judge Ronnie Abrams's Memorandum Opinion and Order (the "Order")[1] denying his motion to vacate (the "Motion to Vacate"), entered in the United States District Court for the Southern District of New York on June 27, 2022. On that motion, Holmes sought to vacate an order entered by the Honorable Judge Edgardo Ramos on July 23, 2018,[2] and subsequently affirmed by a three-judge panel of this Court on *de novo* review on December 9, 2019.[3]  For the reasons set forth herein as well as by Defendants-Appellees Apple Inc. ("Apple") and CheckPoint Fluidic Systems International, Ltd. ("CheckPoint") in their briefs, which are

---

[1] In accordance with Fed. R. App. P. 30(c)(2)(B), Amazon refers to Defendant-Appellees' Joint Supplemental Appendix ("SAXXXX") when citing to documents filed in the District Court in the *Holmes I* matter. Judge Abrams's order can be found at SA0003-08

[2] SA0338-66.  Judge Ramos also dismissed Holmes's complaint in a duplicative action captioned *Holmes v. City of New York, et al.*, Case No. 19-cv-1628 (S.D.N.Y.) ("*Holmes II*") on February 26, 2020.  (*Holmes II* Docket Doc. No. 117.)

[3] *Holmes v. Apple, Inc., et al.*, Case No. 18-2492-cv (2d Cir.), Docket Doc. No. 90-1.

1

incorporated by reference herein, the Court should affirm the Order.

Holmes filed the Motion to Vacate over two years after this Court affirmed Judge Ramos's decision, upon discovering that "well after the case was filed but while he still over presided over the case," Judge Ramos owned stock in Apple.[4] That stock was valued at less than $15,000, and Judge Ramos had gained less than $1,000 in income from the stock by 2019. (SA0004.)

In denying the Motion to Vacate, the District Court found that Holmes failed to demonstrate he was entitled to relief under any prong of Rule 60 of the Federal Rules of Civil Procedure ("Rule 60") because any error that could have resulted from Judge Ramos's failure to recuse himself was rendered harmless by this Court's *de novo* review of his order. The District Court further found that Holmes failed to demonstrate that Amazon had committed fraud on the Court. Because Holmes has not, and cannot, demonstrate that the District Court abused its discretion in denying the Motion to Vacate, there is no reason to disturb the Order.

## A.    Factual Background[5]

On or about June 22, 2016, Holmes purchased through Amazon's online services a new MacBook Pro laptop (the "New Laptop"). (Compl. ¶ 21, SA0013.) The New Laptop was delivered to Holmes's residence on or about June 23, 2016.

---

[4] SA0399-400.
[5] Unless otherwise noted, the following facts are drawn from the complaint ("Compl.") in *Holmes I* (SA0009-43).

(*Id*. ¶ 33, SA0015.)

The Complaint alleges that on or about September 9, 2016, Holmes was contacted by the New York City Police Department Central Investigations Division in an attempt to recover a MacBook Pro laptop that was the property of CheckPoint. (*Id*. ¶¶ 34-36, SA0015-16.)  CheckPoint was able to locate the laptop through its use of software that it had installed on the device.  (*Id*. ¶¶ 44, 76, SA0017, 22.) According to the Complaint, Holmes informed the police that he was unable to locate the laptop because he had given it to his estranged wife, whose whereabouts were unknown to him.  (*Id*. ¶ 38, SA0016.)

According to the Complaint, Holmes attempted to facilitate the return of the device over the ensuing weeks (*id*. ¶¶ 49, 53-54, 56, SA0018-19), but his estranged wife refused to cooperate in the item's return.  (*Id*. ¶ 58, SA0019-20.)  Holmes alleged upon information and belief that the laptop was ultimately recovered from a storage facility in New York City on October 3, 2016.  (*Id*. ¶ 62, SA0020.)  He was not present during that recovery.  (*Id.*)

Holmes alleged that this experience caused him to miss "critical employment opportunities" and rendered him "unable to fulfill many contractual obligations and responsibilities."  (*Id.* ¶ 66, SA0021.)  As Holmes notes in his appellate brief, and as the District Court noted in its Order denying the Motion to Vacate, Amazon has maintained throughout this litigation that the New Laptop was *not* the device

recovered from the storage facility. (Holmes's Appellate Brief, Docket Doc. No. 42 ("Appellate Brief" or "Br."), at 13-14, 17, 19; Order, at 5, SA0007.)

### B. Procedural Background

Holmes commenced *Holmes I* on June 16, 2017, asserting eight causes of action against Amazon: breach of contract (First Cause of Action), breach of express and implied warranty (Second and Third Causes of Action), negligence (Fourth Cause of Action), strict liability (Fifth Cause of Action), fraudulent concealment (Sixth Cause of Action), fraud in the inducement and misrepresentation (Seventh Cause of Action) and false advertising and unfair business practices (Eighth Cause of Action). His claims were all predicated upon the misapprehension that the laptop ultimately recovered from the storage facility was the New Laptop that Amazon delivered to him several months earlier. (SA0009-43.)

On February 12, 2018, Amazon sought judgment on each of Holmes's claims. (SA0070-276, SA0308-11) Holmes filed his opposition to Amazon's motion on March 12, 2018, and Amazon filed its reply on May 10, 2018. (SA0312-37.) On July 23, 2018, Judge Ramos found that the evidence in the record demonstrated that the New Laptop and the laptop recovered from the storage facility were different devices and granted Amazon's motion for disposition of all the claims that Holmes asserted against it. (SA0363-66.) The Clerk of Court entered Judge Ramos's order on July 24, 2018. As discussed above, that determination was ultimately affirmed

by this Court.

Holmes filed a duplicative lawsuit (*Holmes II*) in the District Court on February 21, 2019.  Judge Ramos presided over the case and likewise dismissed Holmes's complaint in *Holmes II* on February 26, 2020.  (*Holmes II* Docket Doc. No. 117.)

The Clerk of Court issued a letter in *Holmes I* disclosing Judge Ramos's ownership of Apple stock on January 21, 2022 (SA0399-400), and an identical letter in *Holmes II* on January 31, 2022 (*Holmes II* Docket Doc. No. 118).  On February 4, 2022, Holmes filed the Motion to Vacate seeking to vacate Judge Ramos's order dismissing his claims against the Defendants-Appellees on the basis of Fed. R. Civ. P. Rules 60(b) and 60(d).  (SA0401-02.)  Holmes filed a virtually identical motion to vacate in *Holmes II* on March 9, 2022, which is still pending.  (*Holmes II* Docket Doc. No. 119.)  *Holmes I* was reassigned to Judge Abrams on February 16, 2022, and *Holmes II* was reassigned to her on March 11, 2022.

On April 18, 2022, Apple filed a letter motion requesting that Judge Abrams stay her decision on the motion to vacate in *Holmes II* pending her decision on the Motion to Vacate in *Holmes I*.  (*Holmes II* Docket Doc. No. 136.)  The District Court granted that request on April 19, 2022.  (*Holmes II* Docket Doc. No. 137.)  On June 29, 2022 (two days after denying Holmes's Motion to Vacate in *Holmes* I), Judge set a briefing schedule for Holmes's motion to vacate Judge Ramos's order

dismissing *Holmes II*. (*Holmes II* Docket Doc. No. 138.) That motion is now fully briefed. (*Holmes II* Docket Doc. Nos. 139-46.)

## SUMMARY OF ARGUMENT

This Court should affirm the District Court's denial of Holmes's Motion to Vacate. In order to prevail on his appeal, Holmes is required to demonstrate that the District Court abused its discretion in denying his motion. However, Holmes has failed to provide any basis whatsoever to disturb the District Court's decision, let alone meet the exceedingly high burden of demonstrating abuse of discretion. Rather, in expressly relying on this Court's affirmance of Judge Ramos's decision on *de novo* review, Judge Abrams followed well-settled case law in denying the Motion to Vacate.

The bulk of Holmes's 30-page Appellate Brief attempts to revive the same collection of arguments that were considered and rejected years ago by the District Court, and this Court after that. As to Amazon, Holmes continues to argue that counsel for Amazon committed fraud on the court in representing – and proving – that there were two laptops at issue in *Holmes I*. However, after adducing the undisputed evidence submitted by Amazon, the District Court twice found that counsel for Amazon committed no such fraud – first, by Judge Ramos, in determining there were, in fact, two laptops at issue, and second, by Judge Abrams, who found Amazon's statement merely reflected its position throughout the case.

Holmes complains that Judge Abrams did not grant him the relief he sought – but fails to demonstrate that she abused her discretion in doing so. Accordingly, this Court should affirm the District Court's denial of the Motion to Vacate.

## ARGUMENT[6]

## I.    STANDARD OF REVIEW

This Court reviews a District Court's denial of relief from judgment pursuant to Rule 60 for abuse of discretion. *Ruotolo v. City of New York*, 514 F.3d 184, 190-91 (2d Cir. 2008); *accord Ren Yuan Deng v. New York State Office of Mental Health*, 783 F. App'x 72, 73 (2d Cir. 2019); *Armatas v. Maroulleti*, 690 Fed. App'x 731, 732 (2d Cir. 2017). Abuse of discretion may be identified only where the decision below rests on an error of law or clearly erroneous factual finding or cannot otherwise be located within the range of permissible decisions. *See McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 416 (2d Cir. 2010). Further, "[a]n appeal from an order denying a Rule 60(b) motion brings up for review only the denial of the motion and not the merits of the underlying judgment for errors that could have been asserted on direct appeal." *Branum v. Clark*, 927 F.2d 698, 704 (2d Cir. 1991). This point is especially salient here, because this Court has, in fact, already reviewed the

---

[6] Holmes argues that "Judge Abrams was obligated to explicitly consider the factors that the Supreme Court laid out in *Liljeberg*, 486 U.S. 864 ( ) [*sic*] in reviewing a potential violation [28 U.S.C. §] 455 (a) by Judge Ramos in the Motion for his recusal." Br., at 11-12. However, as that case held, "Section 455 does not, on its own, authorize the reopening of closed litigation." *Liljeberg v. Health Acquisition Corp.*, 486 U.S. 847, 863 (1988). Amazon incorporates by reference the arguments submitted by Apple on this point.

underlying judgment for errors – and found none.

## II.   <u>THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DENYING THE MOTION TO VACATE</u>

In denying the Motion to Vacate, the District Court expressly relied upon this Court's affirmance on *de novo* review of Judge Ramos's rulings – *not* Judge Ramos's rulings themselves. Moreover, and contrary to Holmes's arguments, the District Court was under no duty to conduct a *de novo* review of Judge Ramos's rulings, since this Court had already done so on appeal. Finally, Holmes is not entitled to treat this Court as a vehicle to relitigate arguments already considered and rejected by the District Court, but is only entitled to relief if he can demonstrate an abuse of discretion by the District Court. As he has not, and cannot, demonstrate an abuse of discretion by the District Court, this Court should affirm its denial of the Motion to Vacate.

### A.   The District Court's Reliance On This Court's *De Novo* Review of Judge Ramos's Rulings Renders Any Potential Error Harmless

In denying the Motion to Vacate, the District Court held that Holmes "has not shown that he is entitled to relief under any prong of Rule 60, because any error that may possibly have resulted from Judge Ramos' failure to recuse himself is rendered harmless by the Circuit's *de novo* affirmance." (SA0006, citing *Faulkner v. National Geographic Enters., Inc.*, 409 F.3d 26, 42 n. 10 (2d. Cir. 2005), *Camacho v. Autoridad de Telefonos de Puerto Rico*, 868 F.2d 482, 490 (1st Cir. 1989), and

*Paddington Partners v. Bouchard*, 34 F.3d 1132, 1144 (2d Cir. 1994).)  The District Court further held that the fact that "Plaintiff's claims received a full review by an impartial panel . . . ameliorates any concerns about Judge Ramos' financial stake in Apple impacting his July 23, 2018 opinion, or about public confidence in an unbiased judiciary." *Id.* (internal quotations and citations omitted).

Far from an abuse of discretion, the District Court's position finds support in well-settled case law in this Circuit.  As this Court stated in *Faulkner*, a judge's "failure to recuse [is] harmless error" when an "appellate court exercising plenary review concludes that [the] district court's dismissal of [the] case . . . was proper."  409 F.3d at 42 n.10 (citing *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1526-27 (11th Cir. 1988)); *see also Marcus as Trustee of Grace Preferred Litig. v. Smith*, 755 F. App'x 47, 52 (2d Cir. 2018) (holding a motion to vacate was properly denied because "our *de novo* review of the viability of the [dismissed complaint] alleviates any risk that the public's confidence in the judicial process will be undermined by the alleged conflict").

Holmes points to no "error of law" or "clearly erroneous factual finding" by the District Court that may serve as a basis to reverse its decision.  Instead, Holmes simply and baselessly labels statements by counsel for the Defendants-Appellees as misrepresentations, false statements and fraud.  *See, e.g.,* Br., at 13.  However, as Holmes fails to provide any evidence whatsoever establishing the falsity of such

statements, he cannot demonstrate the District Court made a "clearly erroneous factual finding" simply because it rejected his argument. In reality, the District Court relied on the undisputed evidence provided by the parties and was correct to deny the Motion to Vacate.

### B. Judge Abrams Was Not Required To Review Judge Ramos's Decisions *De Novo* In Deciding The Motion To Vacate

Holmes argues that Judge Abrams was required to apply a *de novo* standard of review in deciding the Motion to Vacate. Br., at 10, 18-19. Amazon incorporates by reference Apple's arguments in response to this point. In the alternative, Amazon respectfully submits that such a requirement simply doesn't exist under these circumstances. Rather, as held in the very case Holmes cites as his sole support for this argument, "harmless error review" applies to a motion seeking to vacate a judgment based on recusal. *ExxonMobil Oil Corp. v. TIG Insurance Company*, No. 16 Civ. 9527, 2021 WL 4803700, at *2 (S.D.N.Y. Oct. 14, 2021) (citing *Faulkner*, 409 F.3d at 42); Br., at 18-19. Under this standard, if the Court deems a conflicted judge's rulings were correct, it may nonetheless deny a motion to vacate "because [the movant] would not have been harmed as regards th[e] proceeding." *Id.*

Here, the District Court correctly found that, to the extent that Judge Ramos's holding Apple stock presented any concerns about the integrity of his decision making in this matter, this Court's review rendered such error harmless. Specifically, Judge Abrams held that Holmes's claims "received a full review by an

10

impartial panel" when a disinterested three-judge panel of this Court affirmed Judge Ramos's rulings, *de novo*. (SA0006, quoting *Williamson v. Indiana Univ.*, 345 F.3d 459, 465 (7th Cir. 2003).) She specifically noted that this Court's review "ameliorates any concerns" regarding Judge Ramos's financial stake in Apple at the time he ordered dismissal of the Action. (*Id.*)

In *ExxonMobil*, this Court affirmed the Honorable Judge Mary Kay Vyskocil's denial of a motion to vacate. *See ExxonMobil Oil Corp. v. TIG Insurance Company*, 44 F.4th 163 (2d Cir. 2022). Analogous to the instant matter, Judge Vyskocil declined to vacate a judgment entered by Judge Ramos, who was later found to have held between $15,100 and $50,000 in stock in Exxon's parent company at the time he rendered judgment. *Id.* at 173. This Court held "vacatur was not required in light of Judge Vyskocil's *de novo* review" of the case and orders rendered by Judge Ramos. *Id.* The same conclusion follows here, since this Court reviewed, and affirmed, Judge Ramos's underlying dismissal order *de novo*. In the Order, the District Court specifically noted that "any error that may possibly have resulted from Judge Ramos' failure to recuse himself is rendered harmless by the Circuit's *de novo* affirmance." (SA0006.) Accordingly, the issue of whether Judge Abrams was under a duty to conduct a *de novo* review of the record is a red herring, and does not warrant reversal of the District Court's decision.

11

### III. THE DISTRICT COURT PROPERLY REJECTED HOLMES'S "FRAUD ON THE COURT" ARGUMENT

This Court should reject – unequivocally – Holmes's attempts to circumvent the applicable "abuse of discretion" standard by arguing that counsel for Amazon stated there were two computers at issue during oral argument in this Court. (Br., at 12-13.) Despite having ample opportunity to disprove Amazon's assertion, Holmes provided nothing beyond his own rank speculation and conjecture that the New Laptop was, in fact, the same laptop that was recovered from his estranged wife. This Court should not countenance Holmes's attempt to revive an argument that has long since been disproven with admissible evidence.

Holmes cannot demonstrate abuse of discretion by attempting to relitigate an issue already considered, and properly rejected, by the District Court. *See, e.g., ACE Investors, LLC v. Rubin*, 561 Fed. App'x 114, 117 (2d Cir. 2014) ("Rule 60(b)(3) motions cannot serve as an attempt to relitigate the merits and may only be granted when the movant establishes a material misrepresentation or fraud by clear and convincing evidence") (internal citations and quotations omitted). In the Order, the District Court already addressed Holmes's argument on this point in full, holding as follows:

> Amazon's statement simply reflected its position throughout this litigation that the laptop it delivered to Holmes is a different laptop from the one recovered by the NYPD that contained Checkpoint's tracking software . . . Amazon's maintaining its successful theory of the case on

12

appeal does not constitute fraud on the court—to the contrary, it "is exactly what is expected in the normal adversary process."

(SA0007, quoting *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95-96 (2d Cir. 2002) (per curiam).) The District Court further held that fraud on the court cannot occur "where, as here, '[P]laintiff was afforded the opportunity for fair litigation of the dispute, because fraud on the court occurs only where the fraud seriously affects the integrity of the normal process of adjudication.'" (*Id.* (quoting *Weldon v. United States*, 845 F. Supp. 72, 82 (N.D.N.Y. 1994), *aff'd*, 70 F.3d 1 (2d Cir. 1995)).)

Holmes provides no basis whatsoever for this Court to disturb the District Court's holding, let alone the "clear and convincing" evidence required under a Rule 60(b)(3) motion. *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989). Instead, Holmes merely states his continuing suspicion that events occurred differently than what the admissible evidence showed. However, such suspicions are plainly insufficient to demonstrate fraud on the court. *See King*, 287 F.3d at 95-96 (concluding that a plaintiff doing "no more than complain[ing] that the defendants disputed his version of the law and facts" was "insufficient to state a claim for fraud on the court").

Holmes's analysis of *Cap Export, LLC v. Zinus, Inc.*, 996 F.3d 1332 (Fed. Cir. 2021), is entirely inapposite. *See* Br., at 13. In *Zinus*, the Federal Circuit Court of Appeals *affirmed* the district court's decision to set aside a judgment, upon a finding that Cap Export had "met its burden of establishing by clear and convincing evidence

13

that it [was] entitled to relief under Rule 60(b)(3)" with the submission of an affidavit in which the president of Zinus admitted to making false statements. *Zinus*, 996 F.3d at 1336-37, 1339. Here, the District Court reached the *opposite* conclusion: after adducing all evidence Holmes could provide, the District Court found there was no evidence warranting vacatur of Judge Ramos's dismissal order. (SA0007.) Holmes now requests, without any supporting evidence, that this Court take his word over the weight of evidence in the record and this Court's determination upon *de novo* review that there were, in fact, two laptops. Because this is patently insufficient to demonstrate fraud on the court, his request must be denied.

## CONCLUSION

For the reasons stated herein and in the papers of co-Defendants-Appellees Apple and CheckPoint, Amazon respectfully requests that this Court affirm the District Court's Order denying in its entirety the motion of plaintiff *pro se* Tyrone Holmes to vacate the District Court Order, and grant to Amazon any other relief that the Court may deem appropriate.

14

Dated: New York, New York
      February 15, 2023

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By:   */s/ Michael J. Goettig*
    Michael J. Goettig
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
(212) 489-8230

*Attorneys for Defendant*
*Amazon.com, LLC*

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because it contains 3,434 words, excluding the parts of the brief exempted by Rule 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times Roman 14-point font.

Dated: New York, New York
      February 15, 2023

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By:   */s/ Michael J. Goettig*
    Michael J. Goettig
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
(212) 489-8230

*Attorneys for Defendant*
*Amazon.com, LLC*