# 22-1745

IN THE

## United States Court of Appeals

FOR THE SECOND CIRCUIT

◆▶◆

Tyrone Holmes,

*Plaintiff-Appellant,*

—against—

Apple Inc., Amazon.com, LLC,
Checkpoint Fluidic Systems International, Ltd.,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**FINAL FORM BRIEF FOR DEFENDANT-APPELLEE
CHECKPOINT FLUIDIC SYSTEMS INTERNATIONAL, LTD.**

Brian Graifman
Borah, Goldstein, Altschuler,
  Nahins & Goidel, P.C.
377 Broadway, 6th Floor
New York, New York 10013
(212) 431-1300

*Attorneys for Defendant-Appellee
Checkpoint Fluidic Systems
International, Ltd.*

## **CORPORATE DISCLOSURE STATEMENT**

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, defendant-appellee CheckPoint Fluidic Systems International, Ltd. (now known as CheckPoint Group, Inc.) ("CheckPoint") states that it has no parent corporation and that no publicly held corporation owns 10% or more of its stock.

## **TABLE OF CONTENTS**

PAGE

CORPORATE DISCLOSURE STATEMENT ................................... i

TABLE OF AUTHORITIES ................................................. iii

STATEMENT OF JURISDICTION ............................................ 1

STATEMENT OF THE ISSUE .............................................. 2

STATEMENT OF THE CASE ............................................... 2

SUMMARY OF ARGUMENT ............................................... 6

ARGUMENT ............................................................. 6

    I.   THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DENYING THE MOTION TO VACATE ........ 6

CONCLUSION ............................................................ 7

# TABLE OF AUTHORITIES

PAGE(S)

**Cases**

*Holmes v. Apple, Inc., et al.*,
 Case No. 18-2492-cv, 797 Fed. App'x 557 (2d Cir. Dec. 9, 2019)
 (summary order) ................................................................. *passim*

*Holmes v. Apple, Inc., et al.*,
 Opinion and Order, Case No. 17-cv-4557 (ER), 2018 WL
 3542856 (S.D.N.Y. July 23, 2018), *aff'd*, Case No. 18-2492-cv,
 797 Fed. App'x 557 (2d Cir. Dec. 9, 2019) (summary order),
 *later proceeding*, Memorandum Opinion and Order, Case No.
 17-cv-4557 (RA), 2022 WL 2316373 (S.D.N.Y. June 27, 2022) .... 3, 4-5

*Holmes v. Apple, Inc., et al.*,
 Memorandum Opinion and Order, Case No. 17-cv-4557 (RA),
 2022 WL 2316373 (S.D.N.Y. June 27, 2022) ...................... 2, 3, 6

*Holmes v. City of New York, et al.* ("*Holmes-II*"),
 Case No. 19-cv-1628 (ER), 2020 WL 918611 (S.D.N.Y. Feb. 26,
 2020) ................................................................................. 4

**Statutes**

28 U.S.C. § 1291 ................................................................. 1

28 U.S.C. § 1332 ................................................................. 1

**Rules**

Fed. R. Civ. P. 60 ................................................................. 6

## STATEMENT OF JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1291 over plaintiff-appellant Tyrone Holmes' appeal of the June 27, 2022 Memorandum Opinion & Order, *Holmes v. Apple, et al.*, Case No. 17-cv-4557- RA (S.D.N.Y.) (SA0003-08).[1] That order is a final one, denying his motion to vacate the underlying July 24, 2018 judgment (SA0367). The judgment in relevant part had dismissed all of his claims except to the extent of awarding him $2,351 as against Amazon.com, LLC ("Amazon"), and had denied his motions to amend his complaint and for jurisdictional discovery. The appeal is timely because his notice of appeal from the June 27, 2022 order was filed on July 26, 2022 (SA0001-02).

Diversity jurisdiction existed at the district court, 28 U.S.C. § 1332, for the reasons stated by Holmes.[2] CheckPoint otherwise adopts the jurisdictional statements of co-appellees Apple, Inc. and Amazon.

---

[1] Cites to "SA___" are to Defendant-Appellees' Joint Supplemental Appendix.

[2] CheckPoint Fluidic Systems International, Ltd., a Texas partnership, converted into CheckPoint Group, Inc., a Delaware corporation, on or about February 20, 2018, subsequent to the commencement of the action. Its principal place of business remains Louisiana. The change had no effect on diversity jurisdiction, which is determined as of the time of case filing, and in any event still constituted diverse citizenship, considering the New York domicile of Holmes compared with the domicile and principal place of business of each defendant being outside of New York.

## STATEMENT OF THE ISSUE

1. Whether the district court by Judge Abrams abused her discretion by denying the motion of plaintiff-appellant Tyrone Holmes to vacate the prior judgment against him rendered by Judge Ramos, on the asserted basis that Judge Ramos owned stock in co-defendant Apple, Inc., where the judgment had been unanimously affirmed by this Court, it determining on *de novo* review that there was no jurisdiction over CheckPoint, in part because no duty or tort was alleged as against CheckPoint, as the CheckPoint computer that went missing and that was recovered by the NYPD from Holmes' estranged wife was a different computer than the one that Amazon had sold to him (and that based on its *de novo* determination, Judge Ramos did not abuse his discretion in denying Holmes' request for jurisdictional discovery or to amend his complaint).

## STATEMENT OF THE CASE

Plaintiff-Appellant Tyrone Holmes ("Holmes") appeals the June 27, 2022 Memorandum Opinion and Order of Judge Ronnie Abrams (SA0003-08) denying his motion to vacate a July 24, 2018 judgment (SA0367).[3] The judgment was entered based on an opinion and order of Judge Edgardo Ramos (SA0338-66)[4] and

---

[3] The case below is *Holmes v. Apple, Inc., et al.*, Case No. 17-cv-4557 (S.D.N.Y.) ("*Holmes-I*"). Judge Abrams' opinion is reported at 2022 WL 2316373.
[4] Opinion and Order, Case No. 17-cv-4557 (ER), 2018 WL 3542856 (S.D.N.Y. July 23, 2018).

2

was subsequently affirmed by a three-judge panel of this Court, in relevant part upon *de novo* review. *Holmes v. Apple, Inc., et al.*, Case No. 18-2492-cv, 797 Fed. App'x 557 (2d Cir. Dec. 9, 2019) (summary order) (mandate SA0379-88).[5]

CheckPoint incorporates by reference the more comprehensive briefs of co-appellees Apple, Inc. ("Apple") and Amazon.com, LLC ("Amazon") and for reasons of judicial economy focuses on facts and legal conclusions specific to it.

CheckPoint's laptop computer, loaded with its software and bearing its property sticker, disappeared en route via FedEx from Lousiana to Dubai and somehow ended up in New York under the control of plaintiff and/or his estranged wife. *Holmes v. Apple, Inc.*, 797 Fed. App'x at 559 at 2-3 (SA0380-81) (Mandate). CheckPoint reported the events to Fed-Ex in Louisiana, which contacted Louisiana police, which contacted the NYPD, which successfully recovered and returned it to CheckPoint (SA0060, *citing* SA0045; SA0049; SA0051-57; SA0015-21 ¶¶ 34-65; Holmes Br. at 26; *see also Holmes-II*, Opinion & Order at 3-5 (S.D.N.Y. Feb. 26, 2020) (Holmes-II ECF 117).

Instead of ending the matter, Holmes sued CheckPoint (and Apple and Amazon), and in New York. Judge Ramos dismissed the action as against

---

[5] Subsequent to that judgment, Holmes filed a duplicative action, *Holmes v. City of New York, et al.*, Case No. 19-cv-1628 (ER) ("*Holmes-II*"), which Judge Ramos also dismissed, on February 26, 2020 (*Holmes-II* ECF 117), reported at 2020 WL 918611.

3

CheckPoint (and the others), holding that (i) there was no jurisdiction over CheckPoint in New York (SA0347-48); (ii) Holmes' allegations did not set forth a tortious act to support jurisdiction over CheckPoint (SA0349); (iii) Holmes offered no facts supporting the contention that CheckPoint's laptop was the same as his laptop (SA0365); and (iv) there were no grounds for jurisdictional discovery (SA0350). Judgment was entered (SA0367), from which Holmes appealed (SA0368).

This Court affirmed (SA0379-88), in relevant part on *de novo* review (SA0381). 797 Fed. App'x 557. As regards CheckPoint, this Court affirmed Judge Ramos' rulings that (i) no jurisdiction existed over CheckPoint (SA0381-82); (ii) no duty or tort had been alleged against CheckPoint (SA0382); and (iii) the computer that "belonged to CheckPoint" (*id.*) is different than the laptop Holmes purchased from Amazon (SA0385-86). 797 Fed. App'x at 559-560 & 562. This Court also affirmed the denial of jurisdictional discovery, stating: "Because the district court properly determined that Holmes failed to make a *prima facie* case for jurisdiction or establish how further discovery could aid his case, it did not abuse its discretion in denying his motion for jurisdictional discovery" (SA0383). 797 Fed. App'x at 560. This Court also determined consequentially that the district court was correct in denying Holmes' motion to amend his complaint

4

(SA0387). 797 Fed. App'x at 562-563. This Court's mandate issued on January 6, 2020 (SA0379).[6]

Over two years later, on February 4, 2022, Holmes filed his motion (SA0401-55) to vacate the judgment based on Judge Ramos' report that he owned or had a beneficial interest in a small amount of Apple stock through inheritance, well after the case was filed but while he still presided over it (SA0401-02). CheckPoint opposed the motion (SA0456-58), as did Apple and Amazon.

Judge Ronnie Abrams issued her Memorandum Opinion and Order on June 27, 2022 (SA0003-08), denying Holmes' motion. She noted correctly that "any error that may possibly have resulted from Judge Ramos' failure to recuse himself is rendered harmless by the Circuit's *de novo* affirmance" (SA0006). "In other words, that Plaintiff's claims received a full review by an impartial panel . . . ameliorates any concerns about Judge Ramos' financial stake in Apple impacting his July 23, 2018 opinion, or about public confidence in an unbiased judiciary" (*id.* (internal quotations and citations omitted)).

Holmes appeals.[7]

---

[6] Holmes was represented by counsel at all times on the prior appeal (as well as sporadically below) (*see* SA0003 n.1).

[7] Holmes purports to quote excerpts of the oral argument before this Court on his prior appeal, but without any certified transcript (*e.g.*, Holmes Br. at 16-17). Absent a certified transcript, the accuracy of his submission is not established.

5

## SUMMARY OF ARGUMENT

The district court correctly denied Holmes' motion to vacate the underlying judgment that had dismissed his claims because this Court had already affirmed that judgment, in relevant part based on its *de novo* review.

## ARGUMENT

### I.

### THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DENYING THE MOTION TO VACATE

This Court reviews a District Court's denial of relief from judgment pursuant to Fed. R. Civ. P. 60 for abuse of discretion (see accompanying briefs for Apple and Amazon, incorporated herein by reference). Judge Abrams did not abuse her discretion in declining to vacate the judgment, because this Court had already affirmed the judgment, in relevant part on *de novo* review, and it having made adverse determinations as against Holmes, which precluded Judge Abrams from vacating the judgment.

As noted above, this Court had determined that no jurisdiction existed over CheckPoint, no duty or tort had been alleged against CheckPoint, and that the laptop computer that "belonged to CheckPoint" was different than the laptop Holmes purchased from Amazon (SA0381-82, SA0385-86). 797 Fed. App'x 557, 559-560 & 562 (2d Cir. Dec. 9, 2019) (summary order). This Court thus determined that no grounds existed to grant jurisdictional discovery (SA0383). 797

6

Fed. App'x at 560. Judge Abrams was correct not to act as an appellate court reviewing this Court.[8]

CheckPoint otherwise relies on the accompanying briefs of Apple and Amazon to the extent applicable to CheckPoint.

## CONCLUSION

This Court should affirm the order appealed, with costs.

Dated:  January 30, 2023
     (Feb. 14, 2023 final form)

               Respectfully submitted,

               /s/ *Brian D. Graifman*
               Brian D. Graifman, Esq.
               BORAH, GOLDSTEIN, ALTSCHULER,
                NAHINS & GOIDEL, P.C.
               377 Broadway, 6th Floor
               New York, N.Y. 10013
               (212) 431-1300
               bgraifman@borahgoldstein.com

               *Attorney for Defendant-Appellee*
                *CheckPoint Fluidic Systems*
                *International, Ltd.*
                *(n/k/a CheckPoint Group, Inc.)*

---

[8]  To the extent Holmes argues that he should have been allowed to amend his complaint, including to add Federal Express Corporation (FedEx) as a party (Holmes Br. at 25-29), he already had his opportunity to argue that on the prior appeal where this Court denied his motion to amend his complaint, and subsequent to Holmes-I he asserted separate claims against CheckPoint in Holmes-II.

7

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned counsel certifies that this document complies as follows:

1. This document complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 1,452 words.

2. The document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-still requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14 point Times New Roman font. As permitted by Federal Rule of Appellate Procedure 32(g)(1), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

Dated: February 14, 2023

*/s/ Brian D. Graifman*
Brian D. Graifman