# 22-1745

IN THE

# United States Court Of Appeals

---

FOR THE SECOND CIRCUIT

Tyrone Holmes,

*Plaintiff-Appellant,*

*-against-*

Apple Inc., Amazon.com, LLC, CheckPoint Fluidic Systems International, Ltd.,

*Defendant-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
JUDGE RONNIE ABRAMS

---

**FINAL FORM BRIEF OF APPELLANT- PETITIONER**

---

**Tyrone Holmes**
**APPELLANT- PETITIONER, Pro se**
**1465 Hammersley Ave,**
**Bronx, New York  10469**

**ORDER**

**For the foregoing reasons, Plaintiff's motion to vacate is denied. The Clerk of Court is respectfully directed to terminate the motion at docket 150 and mail a copy of this Order to Plaintiff.**

**SO ORDERED.**

**Dated: June 27, 2022**

**New York, New York**

**Hon. Ronnie Abrams**

**United States District Judge**

PAGE

## TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATUTES AND RULES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4,5

JURISDICTIONAL STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW. . . . . . . . . . .6-9

STATEMENT OF THE CASE          . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . .. .  11

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12 -29

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

## TABLE OF AUTHORITIES

*Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663 (2016)

*Cap Export, LLC v. Zinus, Inc.,* No. 2020-2087 (Fed. Cir. May 5, 2021)     13

*ExxonMobil Oil Corp. v. TIG Ins. Co., No. 16-9527, 2021 WL 4803700,
at *4 (S.D.N.Y. Oct. 2021) (Exxon II)*     11

*Exxon Mobile Oil Corporation v. TIG Insurance Company*, No. 20-1946 (2nd Cir. 2022)   20

*Franco v.* Allied *Interstate LLC*, 602 F. App'x 40 (2d Cir. 2015)     28

*Franco v. Allied Interstate LLC*, Case No. 15-4003 (2d Cir. April 9, 2018) (summ. order)
("*Franco II*")     28

*Liberman v. Gelstein*, 80 N.Y.2d 429, 435 (1992)     12

*Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988)*     *12*

*United States v. Amico*, 486 F.3d 764, 775 (2d Cir. 2007)     12

# Statutes and Rules

**Statutes**

**128 U.S.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **6**

**28 U.S.C. § 1332** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **6**

**28 U.S.C. § 455** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**CPLR § 302(a)(3)(ii)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Fed. R. Civ. P. 6(b)(2)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7  15**

**Fed. R. Civ. P. 12(b)(6)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **8**

**Fed. R. Civ. P. 12(c)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **8,**

**Fed. R. Civ. P. 12(d)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**Fed. R. Civ. P. 15** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Fed. R. Civ. P. 15(a)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Fed. R. Civ. P. 15(a)(2)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**FRCP Rule 15(a)(1)(B)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **9, 29**

**FRCP Rule 19(a)(1)(A)** **29**

**Fed. R. Civ. P. 56(d)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**Fed. R. Civ. P. 60** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **15**

**Fed. R. Civ. P. 60 (b)(3)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9, 14

**Fed. R. Civ. P. 60 (b)(6)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**Fed. R. Civ. P. 68** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . **8, 28**

**Constitutional Provisions**

**5th Amendment** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

**7th Amendment** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

**14th Amendment Due Process Cause** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . 27

**PART 1200 RULES OF PROFESSIONAL CONDUCT**

**RULE 3.3(a)(1)** **15**

**RULE 3.3(a)(3)** **7**

**RULE 4.1.** **7**

**Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee**

# Canon 3C of the Code of Conduct for United States Judges

# JURISDICTIONAL STATEMENT

Appellate jurisdiction exists pursuant to 28 U.S.C. § 1291 because this appeal was taken from the decision of a United States District Court granting a motion to dismiss. Dismissal of an action is a final decision. A final judgment, in favor of all defendants and against plaintiff, was entered, pursuant to the decision, by the Clerk for the United States District Court for the Southern District of New York.

The appeal is timely because the Notice of Appeal of the July 26, 2022 decision was filed on June 27, 2022.

The District Court had diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as there was complete diversity of citizenship of the parties and the amount in controversy exceeded $75,000.00. Plaintiff is a citizen of New York, while defendants are, respectively, a corporation, limited liability company and partnership that were formed in California, Delaware, and Texas, and have headquarters in California, Washington, and Louisiana. Plaintiff sought money damages for breach of contract, intentionally filing a false police report charging Plaintiff with a crime, emotional distress, embarrassment and humiliation, in a significant amount, exceeding six figures.

# STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

**This document was drafted in whole, or substantial part, by an attorney.**

1.    Whether Judge Abrams erred in granting the April 18, 2022, request of the Attorney for Apple that Holmes II (19 cv 1628) be transferred to Your Honor and stayed was still pending, on March 22, 2022, Apple requested that the court extend Apple's time to respond to the Holmes II Motion to fourteen days following the court's resolution of Apple's March 10, 2022 letter (addressed to Rubye Krajick requesting that the above-captioned matter be transferred to Your Honor (Holmes II Doc. 120).

2.    Whether Judge Abrams erred in denying the Motion to Vacate for fraud, for knowing misrepresentation of fact by Michael Goettig's claiming, in response to inquiry concerning a material issue of fact by the Court of Appeals Judge Richard Wesley's questioning one serial number, that "there were two computers", knowing that there was only one at issue in this case.

3.    Whether knowingly making a false representation to a tribunal by an attorney in violation of  Rules 3.3(a)(1) and 4.1 RULES OF PROFESSIONAL CONDUCT about a material fact at issue in the case is fraud upon the court.

4.    Whether Judge Abrams erred in denying the Motion to Vacate for fraud, for knowing misrepresentation of fact by a party, CheckPoint, who engaging Kenneth A. Meyer, employee of FedEx, to file a knowingly false police report claiming that a Laptop, bearing serial number C02RIQ3G8WN was stolen in Louisiana, knowing that Plaintiff, Holmes, had not stolen that Laptop, but had purchased that Laptop from Amazon, bearing serial number C02RIQ3G8WN, and was not in possession of stolen property, and claiming that Stephanie Scott was number (1) suspect in stealing the computer, bearing serial number C02RIQ3G8WN, that

Plaintiff, Holmes, was number (2) suspect in stealing the computer, bearing serial number, C02RIQ3G8WN, knowing that this was not true, based on information obtained from their Kaseya Spyware which CheckPoint installed in the Laptop computer, and the FedEx tracking number which tracked the computer to Amazon in Pennsylvania where it was next noticed after transit by FedEx.

5.    Whether Judge Abrams erred by failing to explicitly consider the factors that the Supreme Court laid out in Liljeberg 486 U.S. 864 (   ) in reviewing a potential violation 455 (a) by Judge Ramos in the Motion for his recusal.

6.    Whether Judge Abrams was obligated to review all of the rulings of Judge Ramos de novo in determining whether the his Decision, Order, and Judgment should be vacated, since the Standard of Review in the Second Circuit Court of Appeals is a different standard that of a reviewing judge pursuant to a motion to recuse.

    5A.   Whether Judge Abrams was obligated to review the Decision, Order, and Judgment of Judge Ramos entered July 23, 2018, de novo in determining whether Plaintiff's recusal Motion to Vacate that Decision, Order, and Judgment should be granted.

    5B.   Whether Judge Abrams was obligated to review the Decision, Order, and Judgment of Judge Ramos dated April 14, 2020, de novo in determining whether Plaintiff's recusal Motion to Vacate that Decision, Order, and Judgment should be granted.

7.    Whether Judge Abrams was obligated to review the ruling of Judge Ramos granting defendant, Amazon's, Rule 68 Motion to Enter Judgment for Plaintiff for $2351, and his entry of judgment for Plaintiff for $2351 after Plaintiff had refused the offer, de novo in determining whether the Order and Judgment entering judgment for Plaintiff for $2351 should be vacated.

6A.   Whether Judge Abrams was obligated to review the ruling of Judge Ramos'

converting defendant, Amazon's, Rule 12 (b) motion into one for summary judgment and then granting that summary judgment based on Judge Ramos' finding that there were no material issues of fact in dispute.

8.    Whether false statements of facts are allowed and expected of attorneys in presenting their "theory of the case" as Judge Abrams determined in denying Plaintiff's recusal Motion to Vacate for fraud based on false statements by the attorney for Amazon.

9.    Whether false statements of facts by a party concerning a material issue of fact in affidavits, submitted by an attorney, knowing it not to be true on behalf of a party, constitute fraud, misrepresentation, within the meaning of fraud as set forth in 60 (b)(3) of the Rules of Federal Procedure.

10.    Whether Judge Abrams in declining to review

   A.    Judge Ramos' granting defendant, Amazon's, motion to enter judgment for Plaintiff for $2351.

   B,    Judge Ramos' denying Plaintiff a jury trial after Plaintiff refused Amazon's Rule 68 offer.

   C.    Judge Ramos' granting defendant, CheckPoint's motion to dismiss for lack of jurisdiction pursuant to 302(a)(3)(ii).

   D.    Whether Judge Ramos erred and misapplied the legal standard relating to Rule 12 in converting Amazon's Rule 12(c) motion for entry of judgment to a Rule 56 motion for summary judgment and then granting that converted Rule 56 motion to summary judgment.

   E.    Whether Plaintiff's Complaint was amended October 6, 2017, as a matter of course pursuant to Rule 15 (1) (B) of the Federal Rules of Civil Procedure.

F.      Whether Plaintiff's Complaint was amended October 6, 2017 to include all proposed amendments ( )to the Complaint not specifically denied by Judge Ramos as futile.

G.      Judge Ramos denial of Plaintiff's Claim in the Amended Complaint against FedEx of causing a falsification to govermnent authorities as negligence per se as affirmatively pleaded based upon defendant FedEx's violation of state and federal statutes and criminal codes as to falsification to authorities.

H.      Whether Plaintiff 's due process of law  was violated when Detective Caballero seized Plaintiff's computer and sent it to CheckPoint without compensation and without a court inquiry into the contested ownership.

I.      Whether Judge Ramos was clearly erroneous in dismissing Plaintiff's Motion to amend his complaint filed pursuant to FRCP Rule 15(a)(1)(B), adding FedEx as a party and adding other causes of action.

Plaintiff filed his Motion to Amend on October 9, 2017,  which was within the 21 days allowed by FRCP Rule 15(a)(1)(B) and the Complaint was amended  as a matter of course. Judge Ramos had no discretion to deny the motion.

J.      Whether Judge Ramos erred in dismissing Plaintiff's  Motion to amend his complaint filed pursuant to assert jurisdiction under CPLR § 302(a)(3)(ii).

**STATEMENT OF CASE**

This is an appeal of the decision of Judge Ronnie Abrams in **17-cv-4557 RA,** denying Appellant's Rule 60 Motion to Vacate the decisions of Judge Edgardo Ramos dated July 23, 2018, **17-cv-4557 ER**, filed after his recusal, pursuant to Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee.

This matter only comes before Judge Abrams because Judge Ramos was one of the judges prominently mentioned in the September 28, 2021, Wall Street Journal article "*131 Judges Who Broke the Law by Hearing Cases Where They Had a Financial Interest*", which prompted Appellant, Holmes to file for Judge Ramos' financial disclosure form on October 4, 2021, which was received January 18, 2022, showing his 2019 holdings of stock in Apple and FedEx while **17-cv-4557-ER** was still pending, with a copy to the court, prompting the Clerk to send at his direction, a letter advising the parties that they were entitled to a de novo review.

This case involves the selling by Amazon a MacBook Pro laptop, bearing the serial number C02RQ1T3G8WN, twice as new, once to CheckPoint and then to Holmes, and the fraudulent efforts of CheckPoint and FedEx in filing a false police report, accusing Holmes of theft and possession of stolen property, knowing this to be false, to coverup the double sale as new by Amazon and to steal what was then Holmes' Laptop, under the terms of the Condition of Use Agreement relating to

this laptop, to which CheckPoint, Amazon and Holmes, were all parties, when CheckPoint, placed the laptop back into the stream of commerce by delivery of the laptop by CheckPoint to FedEx, which thereafter by the grossly negligent acts of CheckPoint, FedEx and/or Amazon, committed by commingling the laptop with new computers, and committed before the Laptop was delivered to UPS by Amazon for delivery to Holmes, by the negligence *per se* acts committed by CheckPoint and FedEx committed against Holmes, in filing a false police report in Louisiana, charging Holmes with possession of stolen property, and certainly knowing that Holmes had not stolen it from information they observed from their spyware and their tracking number, written on the bottom of their transmission box, together with the serial number, C02RQ1T3G8WN.

## SUMMARY OF THE ARGUMENT

Whether Judge Abrams was obligated to explicitly consider the factors that the Supreme Court laid out in Liljeberg 486 U.S. 864 (   ) in reviewing a potential violation 455 (a) by Judge Ramos in the Motion for his recusal.

Judge Abrams erred by failing to explicitly consider the factors that the Supreme Court laid out in *Liljeberg*. It is to be emphasized that, § 455(a) "deals exclusively with appearances." United States v. Amico, 486 F.3d 764, 775 (2d Cir.

2007). "Its purpose is the protection of the public's confidence in the impartiality of the judiciary." Id. Although the Supreme Court in *Liljeberg* did not set forth a definitive test for assessing when vacature is required, see *Liljeberg*, 486 U.S. at 864 (describing the factors as "appropriate to consider" (emphasis added)), this Court of the Second Circuit has found it preferable for a court reviewing a potential violation of § 455(a) to explicitly discuss how the factors from *Liljeberg* apply. *Exxon Mobile Oil Corporation v. TIG Insurance Company,* No. 20-1946 (2nd Cir. 2022)

## ARGUMENT

**Whether false statements of facts by a party concerning a material issue of fact in affidavits, submitted by an attorney, knowing it not to be true on behalf of a party, constitute fraud, misrepresentation, within the meaning of fraud as set forth in 60 (b)(3) of the Rules of Federal Procedure.**

In Cap Export, LLC v. Zinus, Inc., No. 2020-2087 (Fed. Cir. May 5, 2021) (Dyk, Bryson, and Hughes), the Court of Appeals for the Federal Circuit affirmed the district court's decision to set aside a judgment under Federal Rule of Civil Procedure 60(b)(3), based on false statements made by Zinus during depositions.

After final judgment, Cap Expert discovered, through documents submitted in a later infringement suit filed by Zinus against another party, that Lawrie's deposition testimony regarding lack of knowledge of prior art beds was false.

Specifically, the defendant in the later infringement suit filed a motion to transfer that was supported by a declaration describing prior art beds having all components packed in a zippered compartment in the headboard. The declaration also included invoices indicating that Woody Furniture had purchased a number of these beds.

During the ensuing Rule 60(b)(3) district court proceeding, Lawrie presented a declaration, "in which he admitted that his October 2016 deposition testimony . . . was 'literally incorrect,' but he asserted that he did not 'intend to answer falsely' because he 'meant that [he] had not seen a bed shipped disassembled in one box with all of the components in the headboard.'" Id. at *7.

The district court granted Cap Export's motion to set aside the stipulated judgment under Rule 60(b)(3). Zinus appealed.

On appeal, the Federal Circuit upheld the district court's grant of Cap Export's motion to set aside the stipulated judgment. *Cap Export, LLC v. Zinus, Inc.*, No. 2020-2087 (Fed. Cir. May 5, 2021) (Dyk, Bryson, and Hughes).

The false statement made by Attorney for Amazon, Goettig before the Second Circuit Court of Appeals in response to an inquiry by Court of Appeals Judge Richard Wesley falls into this same category of fraud, misrepresentation, or misconduct, and making false statements knowingly. The same can be said of the knowingly false, fraud, misrepresentation, or misconduct of a party in the declaration of Jensen,(Case 1:17-cv-04557-RA Document # 94), a Litigation Paralegal in the Litigation and Regulatory Group at, amazon.com, LLC (Amazon), claiming there were two computers, calling one falsely the "New Laptop", when referring to the computer when purchased by Holmes, and the "CheckPoint Laptop", when referring to the computer purchased by CheckPoint, knowing that

the computers had the same serial number and were one and the same computer, deliberately suppressing the serial number of the computer, C02RQ1T3G8WN, printed prominently on bottom of the same "Amazon" delivery box used to deliver in both instances. The type fraud, misrepresentation, or misconduct of a party contemplated by Rule 60(b)(3) as in *Zinus*.

**Whether Judge Abrams erred in denying the Motion to Vacate for fraud, for knowing misrepresentation of fact by Michael Goettig's claiming, in response to inquiry concerning a material issue of fact by Court of Appeals Judge Richard Wesley's questioning one serial number, that "there were two computers", knowing that there was only one at issue in this case.**

RULE 4.1.

**Truthfulness In Statements To Others**

**In the course of representing a client, a lawyer shall not knowingly make a**

**false statement of fact or law to a third person.**

The Rules of Professional Conduct were promulgated as Joint Rules of the Appellate Divisions of the Supreme Court, require a higher than Judge Abrams would allow and she led Attorney Goettig not to seize the opportunity to comply with the requirements of **Rule 3.3 (a)(1)** to correct his knowingly false statement of facts to a tribunal, as can be seen from his belatedly filed Declaration (Doc #143, filed July 27, 2022 to Plaintiff, Holmes' Motion to Vacate Judgment, filed February 4, 2022 (Dkt. No. 148), which Judge Abrams, unlawfully, in violation of FRCP Rule 6(b)(2), extended his time to answer, so he could be coached by that Court in 17-cv-4557-RA, in that Court decision, of which the attorney for Amazon took advantage, in his response to Plaintiff's Motion to Vacate in 19-cv-1628-RA, * quoting from the passage below.

In the decision on the Motion to Vacate in Holmes I, this Court also rejected Plaintiff's argument that counsel for Amazon committed fraud on the court by making an intentionally misleading statement during oral argument – an argument Plaintiff again attempts to raise in his Declaration in support of the instant Motion to Vacate (the "Declaration," Docket Doc. No. 119-1, at 26). In rejecting this argument, this Court held, "Amazon's maintaining its successful theory of the case on appeal does not constitute fraud on the court – to the contrary, it 'is exactly what is expected in the normal adversary process.'" (Holmes I Docket, Doc. No. 163 at 5 (quoting King, 287 F.3d at 95-96).) This Court further held that fraud on the court cannot occur "where, as here, '[P]laintiff was afforded the opportunity for fair litigation of the dispute, because fraud on the court occurs only where the fraud seriously affects the integrity of the normal process of adjudication.'" Id. (quoting Weldon v. United States, 845 F. Supp. 72, 82 (N.D.N.Y. 1994), aff'd, 70 F.3d 1 (2d Cir. 1995)). This exact analysis remains applicable in the instant action.

This fraud was abetted by Judge Abrams' granting the Application of Attorney Hannah Yael Chanonine, and ordering a stay to Plaintiff's Rule 60 Motion to Vacate the Judgment. That stay in responding by Amazon and other defendants to Plaintiff's Rule 60 Motion to Vacate the Judgment in 19-cv-1628-ER affected the normal process of adjudication so as not to afford Plaintiff the opportunity for fair litigation of the dispute, subjected him to an unlawful seizure of his personal property, denied him a trial by jury, and deprived him of property without due process of law, rights guaranteed by the 4th, 5th and 7th Amendments to  the Constitution of the United States. The case has lasted five years on a judgment on the pleading, a denial of discovery in a case so simple that it would have been tried in less than half a day, taking no more time than the order to show cause hearing.

**Weather Judge Abrams' granting the April 18, 2022, request of the Attorney for Apple that**

the court extend Apple's time to respond to the (19-cv-1628- RA) (Hohnes II) Motion to Vacate Judge Ramos' decision (19-cv1628- ER) until fourteen days following the Court rendered decision in this case (17-cv-4557- RA) was clearly erroneous.

**Rule 6. Computing and Extending Time; Time for Motion Papers**
    **(b) Extending Time.**
        **(2) Exceptions. A court must not extend the time to act under**
  **Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).**

**Whether Judge Abrams' granting the April 18, 2022, request of the Attorney for Apple that Hohnes II (19 cv 1628) be transferred to Your Honor and stayed to fourteen days following the court's resolution of Apple's March 10, 2022 letter (addressed to Rubye Krajick requesting that the above-captioned matter be transferred to Your Honor (Hohnes II Doc. 120) was clearly erroneous.**

    Apple cites no statutory authority for granting an open ended stay of all defendants from responding to a Rule 60 motion to vacate. That lasted more than five months without citing any statutory authority for the stay.

**Whether making false statements of facts to a tribunal, knowing them to be false, by an attorney in presenting his "theory of the case", in response to a specific query by the tribunal about the fact that there was only one serial number, the material fact at issue, constitute fraud on the court.**

TRANSCRIPT OF ORAL ARGUMENTS
Date: November 14, 2019
Place: Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York,
NY 10007, 17th Floor Room 1703
Judges: Chief Judge Robert A. Katzman /Judge Richard C. Wesley/
Judge Debra Ann Livingston/ Judge Pierre Leval

Judge Richard C. Wesley:
I've only found one, the thing that troubles me, there's only one identification

number. How do you explain that?

Hannah Y. Chanoine for Apple:
Your Honor, it's a little unclear.

Judge Richard C. Wesley:
Steve Jobs is spinning in his grave.

Hannah Y. Chanoine for Apple:
I can tell you if you decide that you do decide to look beyond the pleadings, which we don't think you need to to affirm in this case against Apple. But if you do decide to look at the sealed declaration of Tim O'Neill, you can see that at least as far as Apple's concerned, we only manufacture laptops with one serial number at a time. That doesn't mean there might not be other laptops in the mix, but in terms of what happened here, it doesn't matter.

Judge Debra Ann Livingston:
And how she was the one who registered.

Hannah Y. Chanoine for Apple:
And she was the one who registered and that is what appears in this. Ultimately on this issue of one versus two laptops, Apple doesn't really take a very strong position on this, because it ultimately, it does not matter for purposes of Apple. Apple sold a MacBook pro to Amazon, Amazon sold it, and then from then on Apple was not involved. And for that reason we ask that you affirm the district court's decision for Apple. Thank you.


Michael Goettig for Amazon:
… There are two computers. That's in the record and it's a fact.


**Whether false statements of facts by a party concerning  a material issue of fact in**

**affidavits, submitted by an attorney, knowing it not to be true on behalf of a party, constitute fraud, misrepresentation, within the meaning of fraud as set forth in 60 (b)(3) of the Federal Rules of Civil Procedure.**

DECLARATION of Jesse Jensen in Support re: 91 MOTION to Dismiss .. Document filed by Amazon.com, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Goettig, Michael) (Entered: 02/12/2018)

6. By placing his order, Plaintiff again accepted the COUs on Amazon's checkout

page. See Exhibit E. Mr. Holmes could not have purchased that item through Amazon's

standard checkout page without having done so.

-2

4850-6777-7 l 15v.I0051461-001311

Case 1:17-cv-04557-RA Document 94 Filed 02/12/18 Page 3 of 3

7. The New Laptop was among a batch of new Macbook Pro computers that

Amazon sourced directly from the manufacturer, Apple.

8. The New Laptop was packaged fo

r delivery to Mr. Holmes from Amazon's

fulfillment center in Lewisbeny, Pennsylvania.

9, The New Laptop was delivered via UPS to Plaintiff at 9:35 AM on June 23, 2016.

Mr. Holmes provided his signature as acknowledgment of delivery of the New ½aptop at that

time. Attached as Exhibit F is a screenshot of the UPS tracking inf01mation for the package

containing the New Computer.

JO. On June 2, 20'16, Amazon received Order #105-5281827-669144 for a new 15-

inch Macbook Pro (the "Checkpoint Laptop"). The Checkpoint Laptop was also among a batch

of new Macbook Pro computers that Amazon sourced directly from the manufacturer, Apple.

11. The Checkpoint Laptop was packaged for delivery from Amazon's fulfillment

center in Breinigsville, Pennsylvania.


**Whether Judge Abrams was obligated to review the rulings of Judge Ramos de novo in determining whether his Decision, Order, and Judgment should be vacated.**

**5A.   Whether Judge Abrams was obligated to review the Decision, Order, and Judgment of Judge Ramos entered July 23, 2018, de novo in determining whether Plaintiff's recusal Motion to Vacate that Decision, Order, and Judgment should be granted.**

**5B.   Whether Judge Abrams was obligated to review the Decision, Order, and Judgment of Judge Ramos dated April 14, 2020, de novo in determining whether Plaintiff's recusal Motion to Vacate that Decision, Order, and Judgment should be granted.**

Judge Abrams declined to conduct the task that she had been assigned to perform, thereby overruling the Committee on Code on Codes of Conduct and their Advisory Opinion 71. The standard for  de novo review by a second non-conflicted judge is set forth by this Court in *Exxon Mobile Oil Corporation v. TIG Insurance Company,* No. 20-1946 (2nd Cir. 2022)
"ExxonMobil Oil Corp. v. TIG Ins. Co., No. 16-9527, 2021 WL 4803700, at *4 (S.D.N.Y. Oct. 14, 2021) (Exxon II). Judge Vyskocil acknowledged that Judge Ramos "should have recused himself from this matter upon its assignment to him" under both 28 U.S.C. § 455(a) and the Code of Conduct for United States Judges, Cannons 2(A) and 3(C)(1)–(2). Id. at *2. She explained that harmless error review applies to violations of § 455(a). Id. Thus, Judge Vyskocil explained that she would deny the motion to vacate if she agreed that Judge Ramos's rulings were correct

18

"because Respondent would not have been harmed as regards this proceeding."
*Exxon Mobile Oil Corporation v. TIG Insurance Company,* No. 20-1946 (2nd Cir.
2022)

Canon 3C of the Code of Conduct for United States Judges concerns the
appearance of impropriety. Canon 3C(1) provides that "[a] judge shall disqualify
himself or herself in a proceeding in which the judge's impartiality might
reasonably be questioned . . . ."

## Facts Relevant to the Issues submitted for Review

The summary of the case is succinctly, but colloquially, stated by Judge
Edgardo Ramos in his inquiry of the parties at the September 14, 2017, hearing on
the motion to vacate the certification of default, necessitated because all of the
defendants, Apple, Amazon, and CheckPoint, had defaulted after having been duly
served with the Complaint in this action. That inquiry also identified the material
facts in dispute and the material fact that would decide that issue: Whether the
computer delivered to CheckPoint and the computer delivered to Holmes was the
same computer.

At the Order to Show Cause hearing the central issue in dispute is framed by
this exchange:

> **COURT: So AppleCare is still in effect for the
> computer that you sold to Amazon, or does it attach to a
> particular product?**

MR. MOSS: No, so I think AppleCare is a separate
product that Amazon or that we, but in this case, Amazon sold
separately to Mr. Hohnes. So he purchased the computer from
Amazon and he also purchased AppleCare from Amazon, but
AppleCare is our warranty program.

**at page 19, Case 1:17-cv-04557-RA Document 170-1 Filed 08/12/22 Page 19 of 24
H9ETHOLC.**

MR. GRAIFMAN: Checkpoint also purchased its computer
from Amazon, so when the Apple attorney said we sold that
computer to Amazon, we purchased from Amazon on June 2nd, 2016.
Mr. Hohnes claims he purchased his computer on June 22nd, 2016.
I didn't want the impression to be left that the computer that
Apple sold to Amazon was the same one that went to Mr. Hohnes,
we bought ours from Amazon first.
THE COURT: I understand that. But I guess Mr. Holmes' theory is that
the computer that you bought from Amazon made its way back into
the stream of commerce and was the self-same computer that
Amazon therefore sent him as a purported new Mac product.
Am I right about that, Mr. Hohnes?
MR. HOLMES: Yes, your Honor, you're right.
THE COURT: So there we have it.

This issue in dispute remained in dispute before the Court of Appeals
where Judge Wesley inquired about the serial number, undercutting Judge Ramos'
claim in his Order in 19-cv-1628-ER a "finding of fact in Holmes I" that there
were "no material issue of fact in dispute"    17-cv-04557-ER.  A review of 17-
cv-04557-ER reveals a blind reference on observing the page cited, page 14. A
review of  Judge Ramos' Opinion does show a convoluted discussion of converting

a Rule 12(c) motion for entry of judgment to a Rule 56 motion for summary judgment when the parties present evidence outside the pleadings (p.7, 17-cv-04557-ER) without explicitly stated finding of fact in evidence anywhere in the 17-cv-04557-ER Opinion of Judge Ramos granting summary judgment to Amazon. This is another misdirection of Judge Ramos that must be reviewed on remand of this case.

At the Order to Show Cause hearing, match of the serial number, the fact issue in dispute is established by Apple in this exchange:

> **THE COURT: Do you know the identification number,**
> **serial number of the computer, that was sent to Mr. Holmes?**
> **MR. MOSS: Well, I know the serial number of the**
> **computer that we sent, and I understand from correspondence I**
> **have seen that that matches the serial number of the computer**
> **that was at issue.**

**Case 1:17-cv-04557-RA Document 170-1 Filed 08/12/22 Page 16 of 24 Case 1:17-cv-04557-RA Document 173 Filed 08/16/22 Page 24 of 73**

**17**

Amazon never states the serial numbers of the laptop CheckPoint or Holmes for comparison, but acknowledge having made the separate sales.

> **COURT: So what did Fed Ex say happened to that**
> **package?**
> **MR. GRAIFMAN: It made it to the airport. According**
> **to the theft report, which I read, it made it to the airport.**
> **That's as far as -- my understanding is that then it**
> **disappeared somewhere in transit.**
> **THE COURT: And when, approximately?**
> **MR. GRAIFMAN: On June 7, I believe.**

**THE COURT: So prior to Mr. Hohnes' purchase.**
**MR. GRAIFMAN: Yes. It was noticed a month later that**
**in July, I believe, if I could pull out my timeline. And there**
**was activity on the computer, so they reengaged with Fed Ex,**
**reengaged with the local police, and contacted the New York**
**City Police. They just wanted their computer back. It had**
**sales -- their proprietary information on it.**

Although colloquially accepted, the statement of the case by Judge Ramos is not scientifically accurate under the Laws of Nature and Nature's God upon which this nation was established (Declaration of Independence, first Paragraph), the computer does not have a way, and cannot be said, strictly speaking, to be "on its way anywhere", or "made its way back" or "disappeared". It is an inanimate object and as such is governed by the Laws of Nature. Newton's First Law states: A body at rest must remain at rest until moved by an external force. This Law of Nature's God existed before Newton, although we appreciate Newton for giving mathematical expression in his second law in defining the force.

The computer at issue in this case must then at all times must remain at rest until moved by an external force. In this case the external forces that moved the computer from city to city were the carriers FedEx and UPS. The Laptop in this case was "on its way to" or "made its way back to" where it was next found. The computer in this case was placed with FedEx by CheckPoint and next located at Amazon having been delivered there by FedEx, since it was next located at Amazon to be delivered to UPS.

On June 22, 2016, the Laptop was placed by Amazon with its carrier, UPS,, for delivery to Plaintiff, Holmes, triggering and bringing into effect the terms of the COU contract between Holmes and defendant, Amazon, relating to risk of loss and title to Laptop under their COU Agreement.

Case 1:17-cv-04557-RA Document 94 Filed 02/12/18 Page 1 of 3
Case 1:17-cv-04557-RA Document 94-3 Filed 02/12/18 Page 1 of 4 filed by Amazon

**RISK OF LOSS**

All items purchased from Amazon are made pursuant to a shipment contract. This means that the risk of loss and **title for such items pass to you upon our delivery to the carrier**. (Doc **#94.3**)

Following the history of the computer at Judge Ramos' inquiry, and adding the omitted dates the computer was in transit with FedEx on July 7, 2016, and next noticed to be at Amazon on June 22, 2016, when placed by Amazon on that date "as new" with UPS for delivery to Holmes, and next noticed to be with Holmes on July 23, 2016, when UPS delivered the Laptop computer to Holmes, sets forth a history and a chain of custody. Following this history elicited by Judge Ramos' inquiry the inescapable conclusion to be drawn by any observer is that the Laptop was delivered to Lewisberry, Pennsylvania by FedEx, where it was next noticed, and where it was packaged for delivery to Holmes by Amazon, prior to Mr. Holmes' purchase, and Judge Ramos drew this conclusion, but summarized this

inescapable conclusion as "Mr. Holmes' theory.

The facts as elicited by Judge Ramos in this exchange with Graifman cannot change as that history cannot change, and the Laws of Nature cannot change. The computer did not disappear, nor was it stolen; therefore the facts of this exchange raise the issue: Whether the filing of a false theft report by CheckPoint and FedEx in Louisiana, causing injury in the state of New York, was negligence per se thereby giving the Court one basis for jurisdiction in this case, and by CheckPoint's contacting the New York City Police, CheckPoint added a second and independent basis of jurisdiction of this court over CheckPoint, because "They just wanted their computer back. It had sales -- their proprietary information on it." Once it was stolen by an officer of NYPD, or seized if preferred, CheckPoint destroyed the most important piece of material evidence in this case, by promptly shipping the Laptop to Dubai taking with it that material evidence.

The facts as elicited by Judge Ramos in this exchange with Graifman on September 14, 2017,

> **THE COURT: So what did Fed Ex say happened to that package?**
> **MR. GRAIFMAN: It made it to the airport. According to the theft report, which I read, it made it to the airport.**

prompted Holmes to move to Amend his Complaint in this case to name FedEx as a Party, whose joinder was necessary for Plaintiff to have complete relief joinder but also to add a cause of action for Negligence per se.

> **"138. Defendant, FEDEX CORPORATION, was negligent, reckless and careless in: investigating missing property; tracking the shipping and delivery of**

the laptop; gathering information; obtaining facts; verifying          alleged facts; listening to its customer; communicating to third-parties;          reporting incidents to the police department; reporting the missing laptop as a          theft by plaintiff; causing a falsification to government authorities; failing to act carefully and prudently at all material dates, times, and places; and as will      be revealed in discovery. Also, res i p s a loquitor is affirmatively pleaded.   **Furthermore, negligence per se is affirmatively pleaded based upon Defendant's violation of state and federal statutes and criminal codes as to falsification to authorities."**

This Clause in the Amended Complaint ignored by Judge Ramos raises the issue: Whether Judge Ramos intentionally ignored the cause of action of negligence per se as affirmatively pleaded in the Amended Complaint. Judge Ramos' failure to consider the other causes of action in the same paragraph in order to deny Plaintiff's Motion to Amend his Complaint, is evidence of bias against Holmes, a descendent from slaves who is proceeding pro se, and raises the issue: **Whether the filing of a false police report in Louisiana, falsely charging Holmes with possession of stolen property, knowing it to be false which caused permanent seizure and conversion in the taking of his property in New York, by NYPD detective engaged by CheckPoint and FedEx, is an actionable tort.**

The other causes of action in the same paragraph relieved Holmes of the requirement of showing that FedEx owed him a duty, the reason stated by Ramos in his Decision and Order for denying Plaintiff's Motion to Amend as a futility.

**62. Criminal Possession of Stolen Property in the 4th Degree in the State of New York is a Class E Felony carrying a penalty of up to four years in State Prison.**

What Judge Ramos described only as "a cause of action against FedEx for acting negligently in its investigation of CheckPoint's missing Laptop computer.", omitted and ignored the cause of action against FedEx of knowingly filing a false police report against Holmes, which Holmes specifically set forth in the same paragraph (138) which Judge Ramos partially quoted. The "reporting incidents to the police department; reporting the missing laptop as a theft by plaintiff; causing a falsification to government authorities; failing to act carefully and prudently at all material dates, times, and places; and as will be revealed in discovery. Also, *res ipsa loquitor* is affirmatively pleaded. Furthermore, negligence per se is affirmatively pleaded based upon Defendant's violation of state and federal statutes and criminal codes as to falsification to authorities" set forth in the same paragraph (¶ 138) was not considered or even acknowledged by Judge Ramos in denying "Holmes' request for leave to amend as futile." Doc 47-2 ¶ 138.

85. On or about June 22, 2016, Defendants, APPLE, INC. and AMAZON.COM, LLC, contracted to provide Plaintiff, for valuable consideration, a suitable brand new Apple Macbook Pro MJLQ2LL/A 15-inch Laptop, free from defects, and to deliver said Laptop to the Plaintiffs residence.

86. Plaintiff performed all contractual obligations on his part to be performed.

87. Defendants, APPLE, INC. and AMAZON.COM, LLC, manufactured, sold and/or delivered, the aforementioned Apple Macbook Pro MJLQ2LL/ A 15-inch Laptop, in a defective manner, such that the supposedly brand new computer contained sensitive spy software, installed by Defendant,

CHECKPOINT FLUIDIC SYSTEMS INTERNATIONAL, LTD., allowing Defendants to track Plaintiffs activities for several months.

In the Amendment to the Complaint ¶¶ 85, 86, 87, (See Doc. 47-1) Holmes alleges "the specific misrepresentations made to him about the laptop he purchased from Amazon", which Judge Ramos ignores, citing different sections (¶¶121–22, 127) of the same document which is irrelevant to this issue, as follows:

"Holmes' proposed amended complaint does not add any factual allegations which would alter the Court's determination that judgment on the pleadings in favor of Apple and summary judgment in favor of Amazon is appropriate. For example, Holmes still fails to allege specific misrepresentations made to him about the laptop he purchased from Amazon. See Doc. 47-1 ¶¶121–22, 127."

This tactic ("diversion")is repeated by Judge Ramos throughout this case.

Without a doubt, the Laptop was the most important piece of material evidence in this case. CheckPoint deprived the Court of that evidence.

**Whether Judge Abrams erred in declining to review the entry of judgment de novo. Whether Judge Ramos erred in granting defendant, Amazon's, motion to enter judgment for Plaintiff for $2351.**

Judge Ramos erred in not granting Plaintiff a jury trial after Plaintiff refused defendant, Amazon's Rule 68 offer of entry of judgment $2351.12

The Supreme Court held in *Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663 (2016) that an unaccepted offer of judgment under Fed. R. Civ. P. 68 was a nullity. The Supreme Court last year held in Campbell-Ewald Co. v. Gomez, 136

S.Ct. 663 (2016) that an unaccepted offer of judgment under Fed. R. Civ. P. 68 was a nullity. Judge Ramos' entering a judgment based on the Rule 68 offer, had no effect, even if the defendant deposited with the court the full amount of the monetary relief (in this case $75,000) the plaintiff was seeking.

On April 9, 2018, just months before Judge Ramos entered judgment, the Second Circuit vacated the Court's entry of judgment. *Franco v. Allied Interstate LLC*, Case No. 15-4003 (2d Cir. April 9, 2018) (summ. order) ("*Franco II*"). The Second Circuit again reasoned that "an unaccepted Rule 68 offer is a legal nullity and therefore provides no basis for the entry of judgment," …

Whether Judge Ramos was clearly erroneous in dismissing Plaintiff's Motion to amend his complaint filed pursuant to FRCP Rule 15(a)(1)(B), adding FedEx as a party and adding other causes of action.

Plaintiff filed his Motion to Amend on October 9, 2017, in 17-cv-4557-ER which was within the 21 days allowed by FRCP Rule 15(a)(1)(B) and the Complaint was amended as a matter of course. Judge Ramos had no discretion to deny the motion. Judge Abrams erred when she did not conduct a de novo review of whether Judge Ramos was clearly erroneous in dismissing Plaintiff's Motion to amend his complaint filed pursuant to FRCP Rule 15(a)(1)(B), adding FedEx as a party and adding other causes of action.

For the reasons set forth above, Plaintiff prays that the dismissal by Judge Abrams be reversed and that the case be remanded to the District Court for a de novo review by a non-conflicted judge of the District Court.

Plaintiff request that this Court reverse the Order of Judge Abrams dismissing the Plaintiff's Rule 60 Motion to Vacate the Order of Judge Edgardo Ramos and that the matter be set down for a de novo review of the Decision, Order and Judgment of Judge Edgardo Ramos dated July 23, 2018, and for such other and further relief as this Court may deem just and proper in this case.

## CONCLUSION

**I** therefore respectfully ask that this Court reverse the judgment of the district court for demonstrating bias in granting the application of the Attorney for Amazon an extension of time in a related case to respond to a Rule 60 motion in a related case 19-cv-1628 until she decided the Rule 60 motion in this case, a period that lasted five months, in flagrant violation of Rule 6(b)(3) FRAP and for declining to review the actions of Judge Ramos de novo, the review she was assigned to perform.

Respectfully submitted,
/S/ Tyrone Holmes
Tyrone Holmes, pro se
Plaintiff-Appellant

**CERTIFICATE OF COMPLIANCE**

I, Tyrone Holmes, certify that this brief contains 14,●●● words or less.