# 22-1745

IN THE

# United States Court Of Appeals

## FOR THE SECOND CIRCUIT

---

Tyrone Holmes,

*Plaintiff-Appellant,*

*-against-*

Apple Inc., Amazon.com, LLC, CheckPoint Fluidic Systems International, Ltd.,

*Defendant-Appellees.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
JUDGE RONNIE ABRAMS

---

## DEFENDANT-APPELLEES' SPECIAL APPENDIX

---

HANNAH Y. CHANOINE
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York  10036-6537
Telephone: (212) 326-2000

DAVID R. EBERHART
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Telephone: (415) 984-8700

BRANDON C. AMASH
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900

*Attorneys for Defendant-Appellee Apple Inc.*

BRIAN GRAIFMAN
BORAH, GOLDSTEIN, ALTSCHULER,
    NAHINS & GOIDEL, P.C.
377 Broadway, 6th Floor
New York, New York 10013
(212) 431-1300

*Attorneys for Defendant-Appellee*
    *Checkpoint Fluidic Systems*
    *International, Ltd.*

MICHAEL JOHN GOETTIG
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st
    Floor
New York, New York 10020
(212) 489-8230

*Attorneys for Defendant-Appellee*
    *Amazon.com, LLC*

# <u>TABLE OF CONTENTS</u>

*Page(s)*

Memorandum Opinion and Order Denying Plaintiff-
    Appellant Tyrone Holmes's Motion to Vacate
    Judgment, dated June 27, 2022 (Doc. 163) ...........................SP-001 – SP-006

Fed. R. Civ. P. 60 ..............................................................................SP-007 – SP-008

28 U.S.C. § 455 ................................................................................SP-009 – SP-011

Guide to Judiciary Policy, Vol. 2A, Ch. 2, Canon 3.......................SP-012 – SP-020

Guide to Judiciary Policy, Advisory Opinion 71............................SP-021 – SP-022

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 06/27/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYRONE HOLMES,

               Plaintiff,

        v.

APPLE INC., AMAZON.COM, LLC, and
CHECKPOINT FLUIDIC SYSTEMS
INTERNATIONAL, LTD.,

               Defendants.

17-CV-4557 (RA)

MEMORANDUM
OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Tyrone Holmes, proceeding *pro se*,[1] filed this action in 2017 against Apple Inc.,
Amazon.com, LLC, and Checkpoint Fluidic Systems International, Ltd. (collectively,
"Defendants") alleging various contract and tort claims. Holmes' claims stemmed from his
purchase of an Apple laptop from Amazon: he asserted that the laptop was not new as advertised,
but instead had previously been owned by Checkpoint, who had installed tracking software on the
laptop, and that after Checkpoint had shipped the laptop to Dubai it went missing in transit.
Holmes alleged that Amazon then sold the laptop to him, at which point Checkpoint used the
tracking software to track it to Holmes and his wife, from whom the New York City Police
Department recovered the computer.

On July 23, 2018, District Judge Ramos issued an opinion and order granting Checkpoint's
motion to dismiss for lack of jurisdiction; granting Apple's motion for entry of judgment on the
pleadings; and granting Amazon summary judgment on all claims except for one, on which
judgment was entered against Amazon in the amount of $2,351.00. Judge Ramos also denied

---

[1] Holmes was represented by Alex Antzoulatos from May 10, 2018 to May 29, 2018 and by Robert Leino from August
21, 2018 to April 3, 2020.

Plaintiff's motion to amend his complaint. Plaintiff appealed, and the Second Circuit affirmed Judge Ramos' ruling in full on *de novo* review. The Circuit's mandate issued on January 6, 2020.

Two years after the mandate had issued and the case had closed, Judge Ramos disclosed that it had been brought to his attention that, "well after the case was filed but while he still presided over the case, he owned stock in Apple Inc." *See* January 21, 2022 Clerk of Court Letter. According to Judge Ramos, his ownership of that stock "neither affected nor impacted his decisions" in the case. *See id.* That said, Judge Ramos recognized in the disclosure letter that his stock ownership might have required recusal under the Code of Conduct for United States Judges. *See id.* According to Judge Ramos' 2019 financial disclosure report, his Apple stock was an inherited investment with a total value of $15,000 or less, and he had gained $1,000 or less in income from that stock during 2019. *See* Chanoine Dec. Ex. A.

In response to this disclosure, Plaintiff has moved to vacate the judgment against him. He asserts that Judge Ramos' financial stake in Apple rendered him biased (or, at the very least, created the appearance of impartiality) and thus required his disqualification. *See* 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."). Plaintiff also seeks relief from judgment on the ground that Amazon's counsel committed fraud on the court by representing to the Circuit panel during oral argument that there were two computers at issue in this case. For the following reasons, Plaintiff's motion is denied.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from a final judgment for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time

to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  Rule 60(b)(6) is a "catch-all provision" that is "properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule."  *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 143 (2d Cir. 2020).[2] "Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances."  *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990).  "The burden of proof on a Rule 60(b) motion is on the party seeking relief from the earlier judgment or order," *In re Gildan Activewear, Inc. Sec. Litig.,* No. 08-CV-5048 (HB), 2009 WL 4544287, at *2 (S.D.N.Y. Dec. 4, 2009), who "has an onerous standard to meet," *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001).

Federal Rule of Civil Procedure 60(d)(3) provides that, notwithstanding the limitations of Rule 60(b), a court has the power to "set aside a judgment for fraud on the court."  To state a claim for relief under Rule 60(d)(3), a litigant must allege a "fraud on the court" that "seriously affects the integrity of the normal process of adjudication."  *Gleason v. Jandrucko,* 860 F.2d 556, 559 (2d Cir. 1988).  In other words, the rule "embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases."  *Hadges v.*

---

[2] Unless otherwise noted, case quotations omit all internal citations, quotation marks, alterations, and footnotes.

3

*Yonkers Racing Corp.*, 48 F.3d 1320, 1325 (2d Cir. 1995). A plaintiff must also show that such relief is necessary "to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998).

Because Plaintiff is currently proceeding *pro se*, the Court interprets his filings to "raise the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

## DISCUSSION

The Court assumes the parties' familiarity with the underlying facts and procedural history of this case.

Reviewing Plaintiff's claims with the special solicitude due to *pro se* pleadings, the Court finds that Plaintiff has not shown that he is entitled to relief under any prong of Rule 60, because any error that may possibly have resulted from Judge Ramos' failure to recuse himself is rendered harmless by the Circuit's *de novo* affirmance. *See Faulkner v. National Geographic Enters., Inc.*, 409 F.3d 26, 42 n.10 (2d Cir. 2005) (holding that "[g]iven [that court's] disposition of the Faulkner appellants' claims, [the district court's] denial of the recusal motion was at most harmless error as to them"); *accord Camacho v. Autoridad de Telefonos de Puerto Rico*, 868 F.2d 482, 490 (1st Cir. 1989) ("Since we have independently confirmed the correctness of the lower court's decision, the judge's refusal to recuse himself was, at worst, harmless error."); *see also Paddington Partners v. Bouchard*, 34 F.3d 1132, 1144 (2d Cir. 1994) (describing Rule 60's baseline "requirement of the judgment's not having been affirmed on appeal"). In other words, that Plaintiff's claims "received a full review by an impartial panel," *Williamson v. Indiana Univ.*, 345 F.3d 459, 465 (7th Cir. 2003), ameliorates any concerns about Judge Ramos' financial stake in Apple impacting his July 23, 2018 opinion, or about public confidence in an unbiased judiciary.

4

Plaintiff attempts to cast doubt on the validity of the Second Circuit's affirmance by arguing that Amazon committed fraud on the court during oral argument, tainting the Circuit's decision and justifying relief from its ruling. He specifically takes issue with Amazon's counsel's statement during argument that "[t]here are two computers" at issue in this case. Reply MOL at 7. But Amazon's statement simply reflected its position throughout this litigation that the laptop it delivered to Holmes is a different laptop from the one recovered by the NYPD that contained Checkpoint's tracking software—a position that Judge Ramos agreed with in granting Amazon's summary judgment motion. *See* July 23, 2018 opinion at 26-28 (finding no genuine dispute of fact that "the laptop [Amazon] shipped to Holmes was not CheckPoint's laptop, but was a different computer altogether"). Amazon's maintaining its successful theory of the case on appeal does not constitute fraud on the court—to the contrary, it "is exactly what is expected in the normal adversary process." *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95-96 (2d Cir. 2002) (per curiam) (concluding that a plaintiff doing "no more than complain[ing] that the defendants disputed his version of the law and facts" was "insufficient to state a claim for fraud on the court"). Nor can fraud on the court occur where, as here, "[P]laintiff was afforded an opportunity for fair litigation of the dispute, because fraud on the court occurs only where the fraud seriously affects the integrity of the normal process of adjudication." *Weldon v. United States*, 845 F. Supp. 72, 82 (N.D.N.Y. 1994), *aff'd*, 70 F.3d 1 (2d Cir. 1995) (citing *Gleason*, 860 F.2d at 559).[3]

---

[3] Plaintiff also contends that Amazon's statement is inconsistent with Apple's representation at oral argument that "as far . . . as Apple is concerned, there was one shipment, of one computer, to Amazon." Reply MOL at 7. This theory suffers from two flaws. First, a defendant's position may be inconsistent with that of its co-defendant without being fraudulent. Second, Apple's and Amazon's statements are not necessarily inconsistent with one another: it could be the case that Apple shipped only one computer to Amazon *and* that the computer with the Checkpoint software is different from the computer Amazon shipped to Holmes.

Finally, Plaintiff characterizes as fraudulent CheckPoint's "reporting a computer as stolen, knowing that was not true, and falsely and fraudulently accusing Plaintiff of the theft." Reply Dec. to Apple's MOL at 7. But this allegation describes events that occurred prior to this litigation, not statements that were made to any court.

5

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion to vacate is denied. The Clerk of Court is respectfully directed to terminate the motion at docket 150 and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:    June 27, 2022
          New York, New York

_____
Hon. Ronnie Abrams
United States District Judge

6

**SP-006**

## Fed. R. Civ. P. 60
## Relief From a Judgment or Order

**(a)** **Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

**(b)** **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    **(1)** mistake, inadvertence, surprise, or excusable neglect;

    **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    **(4)** the judgment is void;

    **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    **(6)** any other reason that justifies relief.

**(c)** **Timing and Effect of the Motion.**

    **(1)** *Timing.* A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

    **(2)** *Effect on Finality.* The motion does not affect the judgment's finality or suspend its operation.

**(d)** **Other Powers to Grant Relief.** This rule does not limit a court's power to:

    **(1)** entertain an independent action to relieve a party from a judgment, order, or proceeding;

    **(2)** grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or

    **(3)** set aside a judgment for fraud on the court.

**(e)** **Bills and Writs Abolished.** The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela.

**CREDIT(S)**

(Amended December 27, 1946, effective March 19, 1948; December 29, 1948, effective October 20, 1949; March 2, 1987, effective August 1, 1987; April 30, 2007, effective December 1, 2007.)

### 28 U.S.C. § 455
### Disqualification of justice, judge, or magistrate judge

**(a)** Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

**(b)** He shall also disqualify himself in the following circumstances:

**(1)** Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

**(2)** Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

**(3)** Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

**(4)** He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

**(5)** He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

**(i)** Is a party to the proceeding, or an officer, director, or trustee of a party;

**(ii)** Is acting as a lawyer in the proceeding;

**(iii)** Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

**(iv)** Is to the judge's knowledge likely to be a material witness in the

proceeding.

**(c)** A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household.

**(d)** For the purposes of this section the following words or phrases shall have the meaning indicated:

**(1)** "proceeding" includes pretrial, trial, appellate review, or other stages of litigation;

**(2)** the degree of relationship is calculated according to the civil law system;

**(3)** "fiduciary" includes such relationships as executor, administrator, trustee, and guardian;

**(4)** "financial interest" means ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party, except that:

**(i)** Ownership in a mutual or common investment fund that holds securities is not a "financial interest" in such securities unless the judge participates in the management of the fund;

**(ii)** An office in an educational, religious, charitable, fraternal, or civic organization is not a "financial interest" in securities held by the organization;

**(iii)** The proprietary interest of a policyholder in a mutual insurance company, of a depositor in a mutual savings association, or a similar proprietary interest, is a "financial interest" in the organization only if the outcome of the proceeding could substantially affect the value of the interest;

**(iv)** Ownership of government securities is a "financial interest" in the issuer only if the outcome of the proceeding could substantially affect the value of the securities.

**(e)**   No justice, judge, or magistrate judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b). Where the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.

**(f)**   Notwithstanding the preceding provisions of this section, if any justice, judge, magistrate judge, or bankruptcy judge to whom a matter has been assigned would be disqualified, after substantial judicial time has been devoted to the matter, because of the appearance or discovery, after the matter was assigned to him or her, that he or she individually or as a fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in a party (other than an interest that could be substantially affected by the outcome), disqualification is not required if the justice, judge, magistrate judge, bankruptcy judge, spouse or minor child, as the case may be, divests himself or herself of the interest that provides the grounds for the disqualification.

**CREDIT(S)**

(June 25, 1948, c. 646, 62 Stat. 908; Pub. L. 93-512, § 1, Dec. 5, 1974, 88 Stat. 1609; Pub. L. 95-598, Title II, § 214(a), (b), Nov. 6, 1978, 92 Stat. 2661; Pub. L. 100-702, Title X, § 1007, Nov. 19, 1988, 102 Stat. 4667; Pub. L. 101-650, Title III, § 321, Dec. 1, 1990, 104 Stat. 5117.)

## <u>Guide to Judiciary Policy, Vol. 2A, Ch. 2, Canon 3</u>

**Canon 3: A Judge Should Perform the Duties of the Office Fairly, Impartially and Diligently**

The duties of judicial office take precedence over all other activities. The judge should perform those duties with respect for others, and should not engage in behavior that is harassing, abusive, prejudiced, or biased. The judge should adhere to the following standards:

**A.    Adjudicative Responsibilities.**

**(1)**    A judge should be faithful to, and maintain professional competence in, the law and should not be swayed by partisan interests, public clamor, or fear of criticism.

**(2)**    A judge should hear and decide matters assigned, unless disqualified, and should maintain order and decorum in all judicial proceedings.

**(3)**    A judge should be patient, dignified, respectful, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity. A judge should require similar conduct by those subject to the judge's control, including lawyers to the extent consistent with their role in the adversary process.

**(4)**    A judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law. Except as set out below, a judge should not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers. If a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested. A judge may:

**(a)**    initiate, permit, or consider ex parte communications as authorized by law;

**(b)**    when circumstances require it, permit ex parte communication for scheduling, administrative, or emergency purposes, but only

if the ex parte communication does not address substantive matters and the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the ex parte communication;

**(c)** obtain the written advice of a disinterested expert on the law, but only after giving advance notice to the parties of the person to be consulted and the subject matter of the advice and affording the parties reasonable opportunity to object and respond to the notice and to the advice received; or

**(d)** with the consent of the parties, confer separately with the parties and their counsel in an effort to mediate or settle pending matters.

**(5)** A judge should dispose promptly of the business of the court.

**(6)** A judge should not make public comment on the merits of a matter pending or impending in any court. A judge should require similar restraint by court personnel subject to the judge's direction and control. The prohibition on public comment on the merits does not extend to public statements made in the course of the judge's official duties, to explanations of court procedures, or to scholarly presentations made for purposes of legal education.

**B.** **Administrative Responsibilities.**

**(1)** A judge should diligently discharge administrative responsibilities, maintain professional competence in judicial administration, and facilitate the performance of the administrative responsibilities of other judges and court personnel.

**(2)** A judge should not direct court personnel to engage in conduct on the judge's behalf or as the judge's representative when that conduct would contravene the Code if undertaken by the judge.

**(3)** A judge should exercise the power of appointment fairly and only on the basis of merit, avoiding unnecessary appointments, nepotism, and favoritism. A judge should not approve compensation of appointees beyond the fair value of services rendered.

**(4)**    A judge should practice civility, by being patient, dignified, respectful, and courteous, in dealings with court personnel, including chambers staff. A judge should not engage in any form of harassment of court personnel. A judge should not retaliate against those who report misconduct. A judge should hold court personnel under the judge's direction to similar standards.

**(5)**    A judge with supervisory authority over other judges should take reasonable measures to ensure that they perform their duties timely and effectively.

**(6)**    A judge should take appropriate action upon receipt of reliable information indicating the likelihood that a judge's conduct contravened this Code, that a judicial employee's conduct contravened the Code of Conduct for Judicial Employees, or that a lawyer violated applicable rules of professional conduct.

**C.**    **Disqualification.**

**(1)**    A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:

**(a)**    the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

**(b)**    the judge served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge or lawyer has been a material witness;

**(c)**    the judge knows that the judge, individually or as a fiduciary, or the judge's spouse or minor child residing in the judge's household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be affected substantially by the outcome of the proceeding;

**(d)** the judge or the judge's spouse, or a person related to either within the third degree of relationship, or the spouse of such a person is:

    **(i)** a party to the proceeding, or an officer, director, or trustee of a party;

    **(ii)** acting as a lawyer in the proceeding;

    **(iii)** known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; or

    **(iv)** to the judge's knowledge likely to be a material witness in the proceeding;

**(e)** the judge has served in governmental employment and in that capacity participated as a judge (in a previous judicial position), counsel, advisor, or material witness concerning the proceeding or has expressed an opinion concerning the merits of the particular case in controversy.

**(2)** A judge should keep informed about the judge's personal and fiduciary financial interests and make a reasonable effort to keep informed about the personal financial interests of the judge's spouse and minor children residing in the judge's household.

**(3)** For the purposes of this section:

**(a)** the degree of relationship is calculated according to the civil law system; the following relatives are within the third degree of relationship: parent, child, grandparent, grandchild, great grandparent, great grandchild, sister, brother, aunt, uncle, niece, and nephew; the listed relatives include whole and half blood relatives and most step relatives;

**(b)** "fiduciary" includes such relationships as executor, administrator, trustee, and guardian;

**(c)** "financial interest" means ownership of a legal or equitable interest, however small, or a relationship as director, advisor, or other active participant in the affairs of a party, except that:

    **(i)** ownership in a mutual or common investment fund that holds securities is not a "financial interest" in such securities unless the judge participates in the management of the fund;

    **(ii)** an office in an educational, religious, charitable, fraternal, or civic organization is not a "financial interest" in securities held by the organization;

    **(iii)** the proprietary interest of a policyholder in a mutual insurance company, or a depositor in a mutual savings association, or a similar proprietary interest, is a "financial interest" in the organization only if the outcome of the proceeding could substantially affect the value of the interest;

    **(iv)** ownership of government securities is a "financial interest" in the issuer only if the outcome of the proceeding could substantially affect the value of the securities;

**(d)** "proceeding" includes pretrial, trial, appellate review, or other stages of litigation.

**(4)** Notwithstanding the preceding provisions of this Canon, if a judge would be disqualified because of a financial interest in a party (other than an interest that could be substantially affected by the outcome), disqualification is not required if the judge (or the judge's spouse or minor child) divests the interest that provides the grounds for disqualification.

**D.** ***Remittal of Disqualification.*** Instead of withdrawing from the proceeding, a judge disqualified by Canon 3C(1) may, except in the circumstances specifically set out in subsections (a) through (e), disclose on the record the basis of disqualification. The judge may participate in the proceeding if, after that disclosure, the parties and their lawyers have an opportunity to confer outside the presence of the judge, all agree in writing or on the record

that the judge should not be disqualified, and the judge is then willing to participate. The agreement should be incorporated in the record of the proceeding.

**COMMENTARY**

**Canon 3A(3).** The duty to hear all proceedings fairly and with patience is not inconsistent with the duty to dispose promptly of the business of the court. Courts can be efficient and businesslike while being patient and deliberate.

The duty under Canon 2 to act in a manner that promotes public confidence in the integrity and impartiality of the judiciary applies to all the judge's activities, including the discharge of the judge's adjudicative and administrative responsibilities. The duty to be respectful includes the responsibility to avoid comment or behavior that could reasonably be interpreted as harassment, prejudice or bias.

**Canon 3A(4).** The restriction on ex parte communications concerning a proceeding includes communications from lawyers, law teachers, and others who are not participants in the proceeding. A judge may consult with other judges or with court personnel whose function is to aid the judge in carrying out adjudicative responsibilities. A judge should make reasonable efforts to ensure that law clerks and other court personnel comply with this provision.

A judge may encourage and seek to facilitate settlement but should not act in a manner that coerces any party into surrendering the right to have the controversy resolved by the courts.

**Canon 3A(5).** In disposing of matters promptly, efficiently, and fairly, a judge must demonstrate due regard for the rights of the parties to be heard and to have issues resolved without unnecessary cost or delay. A judge should monitor and supervise cases to reduce or eliminate dilatory practices, avoidable delays, and unnecessary costs.

Prompt disposition of the court's business requires a judge to devote adequate time to judicial duties, to be punctual in attending court and expeditious in determining matters under submission, and to take reasonable measures to ensure that court personnel, litigants, and their lawyers cooperate with the judge to that end.

**Canon 3A(6).** The admonition against public comment about the merits of a pending or impending matter continues until the appellate process is complete. If the public comment involves a case from the judge's own court, the judge should take particular care so that the comment does not denigrate public confidence in the judiciary's integrity and impartiality, which would violate Canon 2A. A judge may comment publicly on proceedings in which the judge is a litigant in a personal capacity, but not on mandamus proceedings when the judge is a litigant in an official capacity (but the judge may respond in accordance with Fed. R. App. P. 21(b)).

**Canon 3B(3).** A judge's appointees include assigned counsel, officials such as referees, commissioners, special masters, receivers, guardians, and personnel such as law clerks, secretaries, and judicial assistants. Consent by the parties to an appointment or an award of compensation does not relieve the judge of the obligation prescribed by this subsection.

**Canon 3B(4).** A judge should neither engage in, nor tolerate, workplace conduct that is reasonably interpreted as harassment, abusive behavior, or retaliation for reporting such conduct. The duty to refrain from retaliation includes retaliation against former as well as current judiciary personnel.

Under this Canon, harassment encompasses a range of conduct having no legitimate role in the workplace, including harassment that constitutes discrimination on impermissible grounds and other abusive, oppressive, or inappropriate conduct directed at judicial employees or others. See Rules for Judicial-Conduct and Judicial-Disability Proceedings, Rule 4(a)(2) (providing that "cognizable misconduct includes: (A) engaging in unwanted, offensive, or abusive sexual conduct, including sexual harassment or assault; (B) treating litigants, attorneys, judicial employees, or others in a demonstrably egregious and hostile manner; or (C) creating a hostile work environment for judicial employees") and Rule 4(a)(3) (providing that "cognizable misconduct includes intentional discrimination on the basis of race, color, sex, gender, gender identity, pregnancy, sexual orientation, religion, national origin, age, or disability").

**Canon 3B(6).** Public confidence in the integrity and impartiality of the judiciary is promoted when judges take appropriate action based on reliable information of likely misconduct. Appropriate action depends on the circumstances, but the overarching goal of such action should be to prevent harm to those affected by the misconduct and to prevent recurrence. A judge, in deciding what action is appropriate, may take into account any request for confidentiality

made by a person complaining of or reporting misconduct. See Rules for Judicial-Conduct and Judicial-Disability Proceedings, Rule 4(a)(6) (providing that "cognizable misconduct includes failing to call to the attention of the relevant chief district judge or chief circuit judge any reliable information reasonably likely to constitute judicial misconduct or disability. A judge who receives such reliable information shall respect a request for confidentiality but shall nonetheless disclose the information to the chief district judge or chief circuit judge, who shall also treat the information as confidential. Certain reliable information may be protected from disclosure by statute or rule. A judge's assurance of confidentiality must yield when there is reliable information of misconduct or disability that threatens the safety or security of any person or that is serious or egregious such that it threatens the integrity and proper functioning of the judiciary. A person reporting information of misconduct or disability must be informed at the outset of a judge's responsibility to disclose such information to the relevant chief district judge or chief circuit judge. Reliable information reasonably likely to constitute judicial misconduct or disability related to a chief circuit judge should be called to the attention of the next most-senior active circuit judge. Such information related to a chief district judge should be called to the attention of the chief circuit judge.").

Appropriate action may include direct communication with the judge or lawyer, other direct action if available, reporting the conduct to the appropriate authorities, or, when the judge believes that a judge's or lawyer's conduct is caused by drugs, alcohol, or a medical condition, making a confidential referral to an assistance program. Appropriate action may also include responding to a subpoena to testify or otherwise cooperating with or participating in judicial or lawyer disciplinary proceedings; a judge should be candid and honest with disciplinary authorities.

**Canon 3C.** Recusal considerations applicable to a judge's spouse should also be considered with respect to a person other than a spouse with whom the judge maintains both a household and an intimate relationship.

**Canon 3C(1)(c).** In a criminal proceeding, a victim entitled to restitution is not, within the meaning of this Canon, a party to the proceeding or the subject matter in controversy. A judge who has a financial interest in the victim of a crime is not required by Canon 3C(1)(c) to disqualify from the criminal proceeding, but the judge must do so if the judge's impartiality might reasonably be questioned under Canon 3C(1) or if the judge has an interest that could be substantially affected by the outcome of the proceeding under Canon 3C(1)(d)(iii).

**Canon 3C(1)(d)(ii).** The fact that a lawyer in a proceeding is affiliated with a law firm with which a relative of the judge is affiliated does not of itself disqualify the judge. However, if "the judge's impartiality might reasonably be questioned" under Canon 3C(1), or the relative is known by the judge to have an interest in the law firm that could be "substantially affected by the outcome of the proceeding" under Canon 3C(1)(d)(iii), the judge's disqualification is required.

## Guide to Judiciary Policy, Advisory Opinion 71
## Disqualification After Oral Argument

This opinion considers the recusal obligations of the remaining judges on a panel when one judge must recuse after the matter has been argued. Inquiries have raised two questions regarding this situation: (1) whether a decision that has been entered must be vacated, and the case submitted to a new panel, when it is discovered after entry of the decision that one of the judges who participated in it was disqualified; and (2) whether, after a panel has conferred but has not reached a decision, a judge finds that he or she is disqualified, the other judges are also disqualified or may proceed to decide the case?

The first question encompasses areas beyond this Committee's authority. Determination of what circumstances may taint a decision already entered is a judicial function, not that of a committee established to advise on ethical standards of the conduct of judges.

The Committee does advise that a judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision. Similar considerations would apply when a judgment is entered in a district court by a judge and it is later learned that the judge was disqualified.

The second question, because it concerns the appearance of impropriety and Canon 3C of the Code of Conduct for United States Judges, is within the Committee's purview. Canon 3C(1) provides that "[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned . . . ." The Committee is of the opinion that the remaining two judges on the panel are not disqualified merely because they conferred with the disqualified judge. Numerous situations arise in which a judge becomes aware of an important fact and yet must proceed to decide without regard to that fact (e.g., inadmissible evidence in a trial). Those who might believe that the disqualified judge exerted influence on the other two, and those who might believe the disqualified judge would attempt to influence his colleagues on the new panel, are unlikely to be satisfied regardless of what is done. Canon 3C looks to disqualification when the impartiality of the two remaining panel members can "reasonably be questioned." The Committee believes that no reasonable basis

**SP-021**

exists for questioning the impartiality of the remaining panel members when the third judge recuses, whether that recusal occurs after oral argument or after conference on the case.

The Committee notes that recusal decisions are also governed by the recusal statutes, 28 U.S.C. §§ 455 and 144, and the case law interpreting them. Although the Committee on Codes of Conduct is not authorized to render advisory opinions interpreting §§ 455 and 144, Canon 3C of the Code of Conduct for United States Judges closely tracks the language of § 455, and the Committee is authorized to provide advice regarding the application of the Code.

June 2009